[Cite as *Eyre v. Eyre*, 2021-Ohio-1308.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LISA D. EYRE | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 20CA0041 |
| | : | |
| BRIAN EYRE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Licking County Court of
Common Pleas, Domestic Relations
Division, Case No. 2018DR1269

JUDGMENT:                                     AFFIRMED

DATE OF JUDGMENT ENTRY:       April 14, 2021

APPEARANCES:

For Plaintiff-Appellee:                          For Defendant-Appellant:

STEPHEN B. WILSON                          RIC DANIELL
35 South Park Place, #150                   1660 NW Professional Plaza #A
Newark, OH 43005                              Columbus, OH 43220

*Delaney, J.*

{¶1} Defendant-appellant Brian Eyre ("Husband") appeals from the June 15, 2020 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division. Plaintiff-appellee Lisa Eyre ("Wife") did not appear in this appeal.

## FACTS AND PROCEDURAL HISTORY

{¶2} The parties were granted a decree of divorce on May 14, 2019. The decree included allocation of parental rights for the parties' minor child Jane Doe, born in 2013.

*Post-decree motions*

{¶3} On October 17, 2019, Wife filed a motion in contempt asserting Husband 1) failed to make equalization payments as required by the decree and 2) refused to provide a health insurance card for Jane Doe. Personal service was attempted but unsuccessful. On December 2, 2019, the magistrate ordered that service must be perfected no later than December 27, 2019.

{¶4} On December 4, 2019, Wife obtained certified mail service on Husband.

{¶5} Wife's counsel received a set of interrogatories and request for production of documents from Husband with a certificate of service indicating mailing on December 27, 2019.

{¶6} On December 30, 2019, Husband filed a motion to reallocate parental rights and a motion for contempt ("the December 30, 2019 motions").

{¶7} On January 29, 2020, Husband filed a motion requesting that the magistrate interview Jane Doe in chambers.

{¶8} On February 10, 2020, Wife filed a motion to dismiss Husband's motions of December 30, 2019, for failure to comply with the Ohio Rules of Civil Procedure.

*Evidentiary hearing: Wife's counsel not served with December 30 motions*

{¶9} An evidentiary hearing was held on all motions on February 12, 2020, before the magistrate. The following evidence is adduced from the record of that hearing.

{¶10} Wife filed a motion for contempt on October 17, 2019; there is no dispute that the motion, summons, and show-cause order were properly served upon Husband on December 4, 2019. A hearing was scheduled for February 12, 2020.

{¶11} Wife's counsel received a set of interrogatories and request for production of documents with a certificate of service indicating mailing on December 27, 2019.

{¶12} On January 29, 2020, Wife's counsel received a copy of Husband's motion to interview Jane Doe in chambers, indicating service by regular mail on January 27, 2020. Receipt of this motion prompted Wife's counsel to look at the Court's online docket because, to counsel's knowledge, the only pending matter was Wife's motion for contempt of October 17, 2019. Counsel was not in receipt of any other pending motions from Husband as of January 29, 2019.

{¶13} Upon review of the online docket, Wife's counsel discovered Husband's motion to reallocate parental rights and motion for contempt of December 30, 2019. Wife's counsel was not served with these motions. Wife's counsel immediately emailed Husband's counsel asking for the motions. After an exchange of emails, Wife's counsel demanded to be served with copies of all filed pleadings.

{¶14} On January 30, 2020, Husband's counsel emailed a response stating he only needed to serve counsel if counsel "verified" he would be representing Wife on the December 30, 2019 motions. Wife's counsel again demanded service of the pleadings.

{¶15} On February 5, 2020, Wife's counsel received a copy of Husband's motions of December 30, 2019 by regular mail.

{¶16} The magistrate asked Husband's counsel to explain his failure to serve opposing counsel, specifically, whether he included a certificate of service on the December 30, 2019 motions. Counsel responded that no, he did not, because no attorney had yet "signed on to" the case. T. 11.

{¶17} The magistrate asked Husband's counsel whether he agreed Wife's counsel was counsel of record, and Husband's counsel replied that he "didn't think he was," for the purposes of the December 30, 2019 motions. T. 14. Husband's counsel argued he had no obligation to serve Wife's counsel with the motions until he "signs on" and makes an entry of appearance. T. 15.

{¶18} Wife's counsel read his email exchange with Husband's counsel into the record as follows in pertinent part:

* * * *.

My email was sent out to [Husband's counsel] on January 29th of 2020, immediately upon seeing the online docket that there were two motions I was not aware of. [Husband's counsel's] response * * * that was sent, Your Honor, on January 29th at—at 10:18 p.m. * * * *. [H]is response was, Stephen, I sent discovery pleadings to you in December that are close to being due, what specifically do you not have that you see filed so I can send them forth with you. That was [Husband's counsel's] response. * * * *. I responded at ten twenty six * * * I've received nothing but your

discovery pleadings and your request for an in-camera interview, as you know I should be served with a copy of anything you file, i.e. motions etcetera. [Husband's counsel] responded on January 30th, Stephen * * *, so we are clear, I know you are representing her in the contempt you have filed, but are you also representing her on what I caused to be filed on December 27th of 2019? If the answer to that is yes then I will send you everything I have forthwith, but I need to know if your client has retained you in these matters. * * * *. I responded, Ric, I expect to be served with a copy of any pleadings you file pursuant to the civil rules. * * *."

T. 8-9.

*Husband's motions of December 30, 2019 are dismissed*

{¶19} On February 20, 2020, the magistrate dismissed Husband's motions of December 30, 2019. The motion to reallocate parental rights did not include a certificate of service and was not served upon Wife's counsel. The motion for contempt included a show-cause order signed and filed January 13, 2020, but was neither served upon Wife as of the date of the hearing nor served upon Wife's counsel until February 5, 2020.

{¶20} The magistrate granted Wife's motion for contempt.[1]

{¶21} Husband objected to the findings of the magistrate on April 27, 2020. Wife responded in opposition on May 6, 2020. On May 18, 2020, the trial court adopted the

---

[1] Husband did not object to, or appeal from, the findings of fact and conclusions of law relative to Wife's motion for contempt.

magistrate's findings of fact and conclusions of law. On June 15, 2020, the trial court adopted and approved the magistrate's decision.

{¶22} Appellant now appeals from the trial court's judgment entry of June 15, 2020.

{¶23} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶24} "THE COURT COMMITTED ERROR WHEN IT ADOPTED THE MAGISTRATE'S DECISION FINDING A REQUIREMENT THAT AN OPPOSING PARTY'S ATTORNEY BE SERVED WITH A COPY OF A MOTION FILING WHERE:

{¶25} 1) MORE THAN FIVE MONTHS HAD PASSED FROM THE DECREE OF DIVORCE;

{¶26} 2) THE OPPOSING COUNSEL HAD NO OBLIGATION TO ACKNOWLEDGE OR RESPOND TO BEING SERVED WITH SUCH MOTION;

{¶27} 3) SERVICE ON THE OPPOSING ATTORNEY IN NO WAY MET THE REQUIREMENTS OF SERVICE UNDER THE CIVIL RULES; [AND]

{¶28} 4) SERVICE ON THE OPPOSING PARTY COULD RESULT IN PREJUDICE TO THE APPELLANT."

**ANALYSIS**

{¶29} In his sole assignment of error, Husband argues the trial court erred in dismissing the motions of December 30, 2019, and asserts he was not required to serve the motions upon Wife's counsel. We disagree.

{¶30} As an appellate court, we review a trial court's decision upon post-decree motions under a standard of review of abuse of discretion. See, *Kager v. Kager*, 5th Dist.

Stark No. 2001CA00316, 2002-Ohio-3090, citing *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988); *Murray v. Murray*, 5th Dist. Licking No. 01-CA-00084, 2002-Ohio-2505. An abuse of discretion occurs when the trial court's judgment is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶31} Husband argues his motion to reallocate parental rights invoked the continuing jurisdiction of the domestic relations court, thereby reopening the case. Ohio Civ. R. 75(J) describes continuing jurisdiction of the court over domestic relations cases, stating in pertinent part: "The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for the service of process under Civ. R. 4 to 4.6. * * * *." The Civil Rules cited do not require service upon opposing counsel. ("It is indisputable that nothing in Civ.R. 4 to 4.6 provides for service to be made on a party's counsel, *Hamad v. Hamad*, 10th Dist. Franklin No. 08AP-53, 2008-Ohio-4111, ¶ 10, and "[s]ervice upon only the defending party's counsel, and not the party, is not sufficient to invoke the court's continuing jurisdiction," *Lanning v. Lanning*, 5th Dist. Morrow No. CA-818, 1995 WL 498952, *1).

{¶32} In the instant case, however, the continuing jurisdiction of the domestic relations court was already invoked when Wife filed her motion in contempt on October 17, 2019 and obtained service by certified mail upon Husband on December 4, 2019. Certified mail evidenced with return receipt is an approved method of service pursuant to Ohio Civ.R. 4.1(A)(1)(a). We find Husband's confusion over Wife's counsel's status confusing because counsel filed the contempt motion on Wife's behalf. Wife's counsel

communicated with Husband's counsel; Husband's counsel mailed Wife's counsel a set of interrogatories and request for production of documents on December 27, 2019.

{¶33} We are unable to discern, therefore, and Husband does not explain, why Husband's counsel would not have served Wife's counsel with the motions of December 30, 2019. Wife's counsel was clearly "counsel of record" as acknowledged by Husband's service of the interrogatories and request for production of documents. The trial court did not press Husband's counsel upon his demurral to the question at the evidentiary hearing, but we find no explanation why Husband's counsel perceived any excuse to avoid serving Wife's counsel with his pleadings.

{¶34} Husband's motions of December 30, 2019 did not reopen a closed case; instead, they sought additional relief in an open case. Husband was therefore required to comply with Ohio Civ. R. 5, addressing service and filing of pleadings and other papers subsequent to the original complaint. Civ.R. 5(B) states in pertinent part, "* * * *. If a party is represented by an attorney, service under this rule shall be made on the attorney unless the court orders service on the party. * * * *."

{¶35} The cases cited in Husband's brief are inapplicable to the instant case because they address different types of motions and whether those motions invoke the continuing jurisdiction of the trial court pursuant to Civ.R. 75. As stated supra, the continuing jurisdiction of the domestic relations court is not at issue here. In the instant case, the continuing jurisdiction of the court was already invoked by Wife's motion in contempt and service of same upon Husband.

{¶36} Husband further argues the trial court should have dismissed Wife's contempt motion for failure to serve Husband's counsel because his motions were

dismissed for failure to serve Wife's counsel. Brief, 10. This argument was not raised before the trial court. If Husband's counsel was not served with Wife's motion for contempt, it is inexplicable why he mailed Wife's counsel the interrogatories and request for production of documents on December 27, 2019 and a copy of the motion for an in-camera interview of the minor child on January 27, 2020, particularly when he purportedly had no idea whether counsel represented Wife.

{¶37} In short, the record established Husband's counsel failed to serve Wife's counsel with the motions of December 30, 2019. The reasons underlying this decision remain a mystery, but we find the trial court did not abuse its discretion in dismissing Husband's motions.

{¶38}   Husband's sole assignment of error is overruled.

### CONCLUSION

{¶39} Husband's sole assignment of error is overruled and the judgment of the Licking County Court of Common Pleas, Domestic Relations Division is affirmed.

By:  Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.