[Cite as *Smirz v. Smirz*, 2014-Ohio-3869.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

ANITA SMIRZ

    Appellant

    v.

FRANK SMIRZ

    Appellee

C.A. No.     13CA010408

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     12DU074985

DECISION AND JOURNAL ENTRY

Dated: September 8, 2014

---

CARR, Judge.

{¶1} Appellant Anita Smirz appeals from the journal entries issued by the Lorain County Court of Common Pleas, Domestic Relations Division, dismissing her complaint for divorce without prejudice and denying her motion to vacate the order of dismissal. This Court dismisses the appeal for lack of a final, appealable order.

I.

{¶2} On March 2, 2012, Anita Smirz ("Wife") filed a complaint for divorce against Frank Smirz ("Husband"), as well as a motion for temporary orders granting her, among other things, child and spousal support. Husband filed an answer, but he did not file a counterclaim for divorce. Shortly thereafter, the magistrate issued an order noting the parties' agreement regarding Husband's payment of temporary child and spousal support. Two months later, Husband moved to modify the temporary child support order, and the matter was scheduled for hearing. Wife opposed the motion to modify. Wife's attorney moved to continue the hearing

due to her unavailability as she was scheduled to appear in another court proceeding in another county. The need for a continuance became moot, however, because Husband dismissed his motion to modify.

{¶3} Husband moved to modify temporary custody of two of the couple's three children, requesting that he be named the temporary legal custodian of the two male children. The matter was scheduled for hearing. Husband moved to continue the hearing, and the magistrate granted a continuance. In April, 2013, the parties attempted to resolve all issues at a settlement conference, but they were unsuccessful. Accordingly, the trial court confirmed a trial date for the divorce action on May 13, 2013.

{¶4} On Saturday, May 11, 2013, Wife's attorney faxed a motion for a continuance of the trial to the domestic relations court. The attorney informed the court that a hearing she began in another court on Friday did not conclude and that she had been ordered to appear in that court on Monday, May 13, to complete the hearing. Husband and his attorney appeared in court for the divorce trial. Wife and her attorney did not appear. The domestic relations court denied Wife's motion for a continuance and dismissed without prejudice Wife's complaint for divorce for failure to prosecute.

{¶5} Wife filed a motion to vacate the trial court's dismissal order. She argued, in part, that the dismissal had a "devastating financial impact" on her and her three children, because Husband advised her on May 13, 2013, that "he will not give her a cent." The domestic relations court held an oral hearing on Wife's motion, at which Wife and her attorney appeared. Wife's attorney adamantly asserted that she was unavailable for the instant divorce trial because she had been ordered to appear in another court to conclude a hearing that commenced a day earlier. Despite its recognition that Wife personally was not at fault, the trial court denied her motion to

vacate the dismissal order. The trial court further took notice of the following: Wife had already refiled her complaint for divorce; the trial court was available to proceed to trial on the refiled divorce action on several Saturdays within the month; and, despite the fact that the prior temporary support orders were no longer valid due to the dismissal of the first divorce action, Husband maintained a duty under the law to support his wife and children and that his failure to do so would be considered within the context of the refiled divorce action.

{¶6} The domestic relations court issued its order denying Wife's motion to vacate the prior dismissal order on May 30, 2013. Wife filed a timely appeal from the order of dismissal and the denial of her motion to vacate that order, raising two assignments of error.

II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING [WIFE'S] MOTION FOR CONTINUANCE OF THE DIVORCE TRIAL AND THE RESULTING DISMISSAL OF THE DIVORCE ACTION.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT DENIED [WIFE'S] MOTION TO VACATE THE ORDER DISMISSING THE DIVORCE ACTION.

{¶7} Wife argues that the domestic relations court erred by denying her motion to continue the divorce trial, which resulted in the court's dismissal of the action. She further argues that the trial court erred by denying her motion to vacate the dismissal order pursuant to Civ.R. 60(B)(5).

{¶8} As a preliminary matter, this Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. In the absence of a final, appealable order,

this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. No. 2930-M, 2000 WL 109108 (Jan. 26, 2000). "An order is a final appealable order if it affects a substantial right and in effect determines the action and prevents a judgment." *Yonkings v. Wilkinson*, 86 Ohio St.3d 225, 229 (1999).

{¶9} R.C. 2505.02(B) addresses final orders and states:

An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of [certain] changes to the Revised Code * * *;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

{¶10} As a general rule, a dismissal without prejudice is not a final, appealable order as it ordinarily constitutes a dismissal other than on the merits which allows the plaintiff to refile the complaint. *State ex rel. DeDonno v. Mason*, 128 Ohio St.3d 412, 2011-Ohio-1445, ¶ 2. As

noted by the Eighth District, in some instances, appellate courts have nevertheless ignored the jurisdictional issue and reviewed certain dismissals without prejudice. *Stafford v. Hetman*, 8th Dist. Cuyahoga No. 72825, 1998 WL 289383 (June 4, 1998). The *Stafford* court cited several cases, including the Ohio Supreme Court's decision in *Svoboda v. Brunswick*, 6 Ohio St.3d 348 (1983), wherein appellate courts did not address the problem of finality and simply reviewed the issue of error in the trial court's dismissal of a cause without prejudice where that dismissal was entered without notice to the plaintiff. *Stafford* at *2. The Eighth District, however, dismissed an appeal challenging the trial court's denial of a Civ.R. 60(B) motion for relief from a judgment that dismissed a defamation action without prejudice, because the dismissal without prejudice did not constitute a final judgment from which a party could properly move for relief. *Id.* at *3. The *Stafford* court concluded that, because the dismissal without prejudice left the parties in a position as if the case had never been commenced, the motion for relief from judgment was a nullity, thereby rendering the trial court's ruling on the motion a nullity. *Id.* The Eighth District therefore dismissed the appeal for lack of jurisdiction as there was no final, appealable order from which to appeal. *Id.*

{¶11} In the context of domestic relations cases, there appears to be a split of authority, or at least a difference in holdings based on the application of R.C. 2505.02(B) to specific facts. The Sixth District, by journal entry, dismissed an appeal for lack of a final, appealable order where the domestic relations court had dismissed without prejudice a divorce complaint. *Lippus v. Lippus*, 6th Dist. Erie No. E-07-003 (Jan. 25, 2007), citing *Hattie v. Garn*, 9th Dist. Lorain No. 98CA007208, 2000 WL 14008 (Dec. 29, 1999) (holding that "[a] dismissal without prejudice is not a final determination of the rights of the parties and does not constitute a judgment or final order when refiling or amending of the complaint is possible.").

**{¶12}** The *Lippus* court later reconsidered its dismissal, writing:

We find that where a party's case is involuntarily dismissed by the trial court, and because of that dismissal any rights of the party are extinguished and will not be able to be reasserted in a refiled case, that party has the right to appeal the dismissal pursuant to R.C. 2505.02(B)(1) because it is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment." In the instant case, the judgment that is prevented is plaintiff's claim for ordered but unpaid child and spousal support payments that had accumulated during the pendency of the divorce.

*Lippus v. Lippus*, 6th Dist. Erie No. E-07-003, 2007-Ohio-6886, ¶ 12. The court then recognized that its holding above was in conflict with *Stafford, supra*, and the Second District's holding in *Ebbets Partners, Ltd. v. Day*, 171 Ohio App.3d 20, 2007-Ohio-1667 (neither of which implicated domestic relations issues), which dismissed for lack of a final, appealable order appeals from orders of dismissal without prejudice. *Id.* at ¶ 13. The *Lippus* court then certified the following question to the Ohio Supreme Court: "Where a party's case is involuntarily dismissed by the trial court under Civ.R. 41(B)(1), is that dismissal order final and appealable?" *Id.* at ¶ 17. There is no indication that the high court accepted certification, reviewed the matter, and rendered a final determination on the issue.

**{¶13}** The Fifth District distinguished *Lippus* in an appeal from the domestic relations court's involuntary dismissal for lack of prosecution of a father's motion to modify parental rights. *Davis v. Paige*, 5th Dist. Stark No. 2007 CA 00248, 2008-Ohio-6415. The *Davis* court dismissed the appeal for lack of jurisdiction after concluding that the trial court's involuntary dismissal did not affect any substantial right of the father. *Id.* at ¶ 40. Specifically, the court noted:

[Father] did not state in the motion for relief and/or this appeal that there were certain rights that he would be giving up in the event that he would have to re-file his request for modification or that a re-filing of the motion for modification would prejudice his intent to seek modifications of his parenting time.

> Furthermore, [Father] does not deny that the matter may be re-filed for further consideration by the trial court.

*Id.* The *Davis* court then expressly concluded that the situation before it was distinguishable from *Lippus* where the wife had argued that she would lose any ability to collect previously ordered, yet unpaid, support arising out of the divorce complaint that was involuntarily dismissed by the trial court. *Davis* at ¶ 41.

{¶14} In the case before this Court, Wife has not discussed the issue of finality. Although she noted in her statement of the facts that the trial court advised Husband that, because of the dismissal of the divorce complaint, he was no longer required to pay Wife support in the amount previously ordered, and that Husband's failure to pay any support resulted in an economic loss to her, Wife did not state that the domestic relations court would not be able to address the inequity of that situation in the refiled divorce action. Moreover, Wife did not make any arguments to that effect in her appellate brief while addressing either of her assignments of error. Husband failed to file a timely brief and has not addressed the issue of finality. Under these circumstances, this case is more in line with the circumstances of *Davis, supra*, rather than *Lippus, supra*.

{¶15} This Court reads *Lippus* to hold that the perceived inability to collect support arrearages arising out of an involuntarily dismissed action affects a substantial right that effectively determines the action and prevents a judgment, so that the dismissal is a final, appealable order subject to appellate review. *Lippus* at ¶ 12. In other words, the Sixth District appeared only to recognize that it would not be possible for the mother to enforce prior support orders that, after dismissal of the action, effectively never existed. The *Lippus* court did not appear to take into account that domestic relations courts are courts of equity empowered to effectuate justice, so that the husband's/father's failure to provide support for his wife and

children at any time might properly be considered within the context of a refiled divorce action. Accordingly, the *Lippus* court did not recognize that the appellant could seek a comparable remedy via mechanisms available in the refiled action.

{¶16} On the other hand, we read *Davis* to hold that the impact on a substantial right based on a dismissal without prejudice in a domestic relations case might give rise to a final, appealable order, but only where the effect on the substantial right is both alleged and prejudicial, i.e., where the impact cannot be rectified through equitable considerations in the re-filed cause or motion. *Davis* at ¶ 40-41. This Court is persuaded by the sound reasoning in *Davis* and we adopt this test in such cases.

{¶17} First, unlike the *Lippus* court which analyzed the finality of a dismissal of a divorce complaint pursuant to R.C. 2505.02(B)(1), we believe that the proper analysis lies within the context of R.C. 2505.02(B)(2) (regarding "[a]n order that affects a substantial right made in a special proceeding"). The Ohio Supreme Court, for purposes of R.C. 2505.02(B) finality, recognizes that "divorce, a statutory matter that did not exist at common law, qualifies as a special proceeding." *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, ¶ 6. The *Kissinger* court continued that "[a]n order affects a substantial right for the purposes of R.C. 2505.02(B)(2) only if an immediate appeal is necessary to protect the right effectively." *Id.* at ¶ 7.

{¶18} "A 'substantial right' is a legal right enforced and protected by law." *State ex rel. Hughes v. Celeste*, 67 Ohio St.3d 429, 430 (1993). The law accords numerous parental and marital rights, including rights to support; and the domestic relations court enforces those rights in an equitable manner. In this case, when the trial court dismissed without prejudice Wife's initial complaint for divorce, all concomitant temporary support orders ceased to exist.

Nevertheless, the domestic relations court informed Husband at the hearing on Wife's motion to vacate the dismissal order, "you still have a legal obligation to support your wife and children." The trial court later informed the parties:

> A new [divorce] case has been filed. If there's financial misconduct, if somebody's not contributing and helping take care of the children, all of that will be considered. If indeed [Husband] advised [Wife] that he will not give her a cent, that's going to be brought up during the next trial, and that is going to be dimly viewed by this Court.

> And bottom line is even if [any child] is living with you, there would be an obligation to support your wife and your children.

{¶19} In this case, because Wife and the children had a right to ongoing financial support by Husband and the domestic relations court had the authority to consider whether Husband had been meeting his obligations when issuing orders concerning support and division of property, Wife had the ability to seek redress for her inability to enforce the prior temporary support orders in the dismissed action through equitable resolution in the second divorce action. Accordingly, the domestic relations court's dismissal without prejudice of the first divorce action did not affect a substantial right necessitating a finding of immediate finality. The order dismissing without prejudice Wife's divorce action was not a final, appealable order. Moreover, as a party may only file a motion for relief from judgment (motion to vacate) pursuant to Civ.R. 60(B) relative to a final judgment, any ruling on a motion for relief from a nonfinal order is itself also not final. *Davis* at ¶ 41. Because the orders from which Wife appealed in this case are not final, appealable orders, this Court lacks jurisdiction to address the merits of her appeal.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, J.
CONCURS.

BELFANCE, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶20}  I concur in the majority's judgment dismissing this appeal; however, I would conclude that the orders appealed from are final but dismiss the merits of this appeal as being moot.

{¶21}  In this case, the trial court dismissed Wife's complaint for divorce without prejudice.  Dismissals without prejudice are normally not final, appealable orders, *see State ex rel. DeDonno v. Mason,* 128 Ohio St.3d 412, 2011-Ohio-1445, ¶ 2.  However, there are exceptions to the general rule.  *See, e.g., Ward v. Summa Health Sys.,* 184 Ohio App.3d 254, 2009-Ohio-4859, ¶ 7-8 (9th Dist).  The Supreme Court of Ohio has stated that in divorce actions, "[a]n order affects a substantial right for the purposes of R.C. 2505.02(B)(2) only if an immediate appeal is necessary to protect the right effectively."  *Wilhelm-Kissinger v. Kissinger,*

129 Ohio St.3d 90, 2011-Ohio-2317, ¶ 7. I would conclude that the orders appealed from affect Wife's substantial rights as Wife permanently lost any rights and benefits in existence in the first action. For example, when the action was dismissed Wife lost the benefit of the mutual restraining order that was in effect as well as the temporary orders that were in place providing Wife with both spousal and child support. To the extent that a significant arrearage had accrued pursuant to the temporary orders, Wife lost the right to seek payment and to seek redress for Husband's noncompliance with the orders. It is entirely speculative to presume that the equitable nature of divorce proceedings will enable Wife to recoup the losses suffered by the dismissal of the suit when she refiles her action, particularly given the fact that the prior orders of the court are no longer in effect and cannot be enforced. The ultimate result is that, even if the dismissal of a divorce case is patently erroneous, the trial court is insulated from review simply because the dismissal was entered without prejudice. Thus, I respectfully disagree with the majority's conclusion that this appeal is not final.

{¶22} Notwithstanding the foregoing, it appears that Wife filed another action seeking a divorce, that she has been granted a divorce in that action, and that that case has been closed. Accordingly, the merits of this appeal are now moot, and I would dismiss this appeal on that basis. *See* App.R. 12(A)(1)(c).

APPEARANCES:

PAULETTE J. LILLY, Attrney at Law, for Appellant.

FRANK SMIRZ, pro se, Appellee.