[Cite as *Peak-Sims v. Sims*, 2018-Ohio-2002.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MONIQUE PEAK-SIMS

    Appellee

    v.

RICCO SIMS

    Appellant

C.A. No.     28703

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    DR-2016-12-3754

DECISION AND JOURNAL ENTRY

Dated: May 23, 2018

---

TEODOSIO, Presiding Judge.

{¶1} Ricco Sims appeals from the judgment entry of the Summit County Court of Common Pleas, Domestic Relations Division, dismissing his complaint for divorce. We dismiss for lack of jurisdiction.

{¶2} Mr. Sims filed a complaint for divorce without children against Monique Peak-Sims in December 2016. The parties appeared for a hearing on June 20, 2017, and made brief statements on the record. The trial court concluded the hearing and indicated to the parties they would get notice of the next court hearing. On June 21, 2017, the trial court dismissed the case without prejudice, finding that it would be "in the best interest of both parties to give the parties time to address their mental health issues before proceeding." Mr. Sims now appeals, raising one assignment of error.

{¶3} "As a general rule, a dismissal without prejudice is not a final, appealable order as it ordinarily constitutes a dismissal other than on the merits which allows the plaintiff to refile

the complaint." *Smirz v. Smirz*, 9th Dist. Lorain No. 13CA010408, 2014-Ohio-3869, ¶ 10. Consequently, as a preliminary matter, we are obligated to raise sua sponte the question of our jurisdiction. *See Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972).

{¶4} This Court has jurisdiction to hear appeals only from final judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. "In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction." *Smirz* at ¶ 8. Under R.C. 2505.02(B)(1), a final order is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment * * *." An order "determines the action and prevents a judgment" when it "dispose[s] of the merits of the cause or some separate and distinct branch thereof [leaving] nothing for the determination of the court." *VIL Laser Sys., L.L.C. v. Shiloh Industries., Inc.*, 119 Ohio St.3d 354, 2008-Ohio-3920, ¶ 8, citing *Miller v. First Internatl. Fid. & Trust Bldg., Ltd.*, 113 Ohio St.3d 474, 2007-Ohio-2457, ¶ 6. Considered under R.C. 2505.02(B)(1), the trial court's order that dismissed Mr. Sims' complaint without prejudice did not dispose of the merits of the cause or a separate and distinct branch thereof.

{¶5} Divorce actions, however, are special proceedings. *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379 (1994). We must therefore continue our analysis under R.C. 2505.02(B)(2), which defines a final order as "[a]n order that affects a substantial right made in a special proceeding * * *." A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993). An appellant, therefore,

"must demonstrate that in the absence of immediate review of the order they will be denied effective relief in the future." *Id*. The question is thus whether the dismissal without prejudice of Mr. Sims' complaint for divorce, if not immediately appealable, would foreclose appropriate relief in the future. In considering this question, we turn our attention to two cases previously decided by this Court.

{¶6} In *Smirz v. Smirz*, we reviewed the dismissal of a complaint for divorce without prejudice, and adopted the analysis of the Fifth District Court of Appeals as set forth in *Davis v. Paige*:

> [T]he impact on a substantial right based on a dismissal without prejudice in a domestic relations case might give rise to a final, appealable order, but only where the effect on the substantial right is both alleged and prejudicial, i.e., where the impact cannot be rectified through equitable considerations in the refiled cause or motion.

*Smirz* at ¶ 16, citing *Davis v. Paige*, 5th Dist. Stark No. 2007 CA 00248, 2008-Ohio-6415, ¶ 40-41. We noted that the law accords "parental and marital rights, including rights to support" and that "the domestic relations court enforces those rights in an equitable manner." *Id*. at ¶ 18. Because the appellant in *Smirz* had refiled the divorce action, we concluded that she had the ability to seek redress for her inability to enforce prior temporary support orders in the dismissed action through equitable resolution in the second divorce action. *Id.* at ¶ 19. We went on to determine that the order dismissing the first divorce action without prejudice was not a final, appealable order because it did not affect a substantial right necessitating a finding of immediate finality. *Id*.

{¶7} In *Moir v. Denkewalter*, we considered whether the dismissal of a motion to reallocate parental rights was a final, appealable order. *Moir v. Denkewalter*, 9th Dist. Medina No. 13CA0082-M, 2015-Ohio-3171. We concluded, on the specific facts of the case, that the

order was final and appealable because it affected a substantial right in the context of a special proceeding, stating: "Decisions involving the care and custody of a child implicate substantial rights of the natural parents." *Id*. at ¶ 8.

{¶8} In the present case, there are no children to consider, and we need not address the issue of parental rights. Likewise, there were no orders in effect for spousal or child support. Finally, we note that we do not agree with the dissenting opinion's assertion that the language of the trial court's dismissal entry creates a condition to refiling. Under these circumstances, we conclude the trial court's dismissal of the divorce action, without prejudice, does not foreclose appropriate relief in the future upon the potential refiling of the case. The court's judgment entry dismissing the case is therefore not a final, appealable order and this Court lacks jurisdiction to address the merits of this appeal.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
DISSENTING.

{¶9}   I respectfully dissent because I believe that the trial court's order dismissing the action for the parties "to address their mental health issues before proceeding" is a final order as an exception to the general rule for dismissals without prejudice.  Further, I am concerned that by dismissing this appeal, this Court is setting precedent that will allow such orders to stand without appellate review.

{¶10}  Although dismissals without prejudice are generally not final orders, that rule is based upon the concept that such orders leave the parties in the same position as they were before the dismissal. *See, e.g., Maxwell v. Forest Fair Mall, Ltd.*, 1st Dist. Hamilton No. C-060412, 2007-Ohio-3087; *U.S. Bank N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721.  Where that is not the case, courts have consistently held dismissals without prejudice to be final, typically reasoning that they in effect determine the action under R.C. 2505.02(B)(1) because they limit the party's ability to refile.

{¶11} For instance, such dismissals have been considered final in circumstances including: failure to attach an affidavit of merit to the complaint, *Ward v. Summa Health Care*, 184 Ohio App. 3d 254, 2009 Ohio 4859 (9th Dist.); failure to include a particular allegation in the complaint, *U.S. Bank N.A. v. Coffey*, 6th Dist. Erie No. E-11-026, 2012-Ohio-721; failure to pay costs, *Robinson v. Robinson*, 4th Dist. Meigs County No. 16CA18, 2017-Ohio-450; lack of personal jurisdiction, *Nat'l City Commer. Capital Corp. v. AAAA At Your Service*, 114 Ohio St. 3d 82, 2007-Ohio-2942; dismissal based upon *forum non conveniens*, *Chambers v. Merrell-Dow*

*Pharmaceuticals, Inc.,* 35 Ohio St.3d 123 (1988); and dismissals where the statute of limitations would preclude refiling. *See, e.g., Wells Fargo Bank, N.A. v. Wick*, 8th Dist. Cuyahoga Nos. 99373, 99840, 2013-Ohio-5422. In each of these instances, the dismissal did more than leave the parties in the same position because it limited the party's ability to refile the action.

{¶12}  In other situations, courts have considered and addressed appeals from dismissals without prejudice without discussing the issue of finality.  In those instances, the trial court's action typically involved some measure of invalidity or error that placed the parties in a different position after dismissal.  For instance, in *Svoboda v. Brunswick*, 6 Ohio St. 3d 348, 453 N.E.2d 648 (1983), the Ohio Supreme Court considered an appeal from an order that denied a motion to vacate a dismissal without prejudice.  In that case, the trial court had dismissed the action without prejudice because the plaintiff failed to obtain an attorney.  According to the Supreme Court, the dismissal was entirely erroneous because it was based upon an invalid requirement to proceed with counsel.  Notably, that court did not dismiss the appeal for lack of jurisdiction but instead addressed the merits and concluded that the dismissal had been erroneously entered.

{¶13}  Similarly, in *Rymers v. Rymers*, 11th Dist. Lake No. 2009-L-160, 2010-Ohio-6439, the Eleventh District reversed an order that dismissed a divorce action without prejudice stating that the parties were not properly prepared.  In that case, the Eleventh District indicated that the matter was final under R.C. 2505.02(B)(1) and concluded that the trial court abused its discretion in dismissing on that basis. As that court explained, a "trial court's order dismissing an action pursuant to Civ.R. 41(B) is subject to appellate review under an abuse of discretion standard. A court abuses its discretion when its judgment comports with neither reason nor the record." *Id.*

{¶14} Along the same lines, this Court reversed a dismissal without prejudice in *Capital One Bank v. Jones,* 9th Dist. Montgomery No. 13CA0038-M, 2014-Ohio-2299, holding that the trial court's actions leading up to the dismissal were unauthorized. There, the trial court had dismissed appellant's claims without prejudice after ordering her to file a new action as the plaintiff. In reviewing the dismissal without prejudice on its merits, this Court noted that the "trial court's 'inherent power to control its own docket' does not mean it may dismiss claims without a valid basis." *Id*. at ¶ 9.

{¶15} Courts have also addressed dismissals without prejudice when the trial court failed to provide the parties with notice before the dismissal. Notably, those dismissals were subject to appellate review, and the appeals were not dismissed for lack of finality. *See e.g. Montgomery v. Tenneco Automotive Operating, Inc.*, 183 Ohio App.3d 164, 2009-Ohio-3394 (6th Dist.); *State ex rel. Ramsey v. Saunders* 9th Dist. No. 16258, 1993 Ohio App. LEXIS 6131 (December 15, 1993) (reviewing a dismissal without prejudice for an abuse of discretion and holding that the notice provided was sufficient).

{¶16} In addition, courts have reviewed dismissals without prejudice for a party's failure to appear. The Tenth District, for instance, considered an appeal from an order dismissing an inmate's parental rights complaint because he failed to appear at a hearing despite his inability as an inmate to do so. *Jones v. Roberts*, 10th Dist. Franklin No. 17AP-151*,* 2014-Ohio-2798. In affirming the dismissal, the court reviewed the order for an abuse of discretion and did not dismiss the appeal or otherwise indicate that a finality issue existed.

{¶17} Based upon the foregoing, I would conclude that the dismissal here is a final order. The parties are plainly not in the same position as they were before the dismissal and, therefore, the general rule should be inapplicable. Instead, they are now subject to a vague

"condition" to the refiling of the divorce action that is ambiguous as to its requirements. In fact, according to appellant, he has been attending his therapy classes since December, 1, 2016, so it is unclear precisely what hurdles must be overcome before refiling.

**{¶18}** Furthermore, the condition to refiling applies to both parties, which deprives appellant of the ability to control compliance with his own behavior. Thus, even if he successfully addresses his "mental health issues before proceeding," his compliance alone may be insufficient. Consequently, his ability to refile his divorce action may be effectively eliminated because compliance with the condition may not even be possible.

**{¶19}** I would conclude, therefore, that the trial court's dismissal without prejudice is a final order because it does not leave the parties in the same place; instead, it restricts appellant's ability to refile his action and his access to the domestic relations court. As a result, I would proceed to the merits of the appeal and reverse the trial court's order.

APPEARANCES:

RICCO SIMS, pro se, Appellant.

MONIQUE PEAK-SIMS, pro se, Appellee.