[Cite as *Crandall v. Crandall*, 2021-Ohio-3276.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

CHRISTOPHER L. CRANDALL

    Appellee/Cross-Appellant

v.

ELIZANNA M. CRANDALL

    Appellant/Cross-Appellee

C.A. Nos.    18CA0044-M
                  18CA0046-M
                  20CA0013-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    16 DR 0423

DECISION AND JOURNAL ENTRY

Dated:  September 20, 2021

HENSAL, Presiding Judge.

{¶1}  Elizanna Crandall has attempted to appeal a judgment entry of divorce from the Medina County Court of Common Pleas, Domestic Relations Division.  Christopher Crandall has attempted to cross-appeal the judgment.  For the following reasons, this Court dismisses the appeals.

I.

{¶2}  The Crandalls were married in 2004 and have no children together.  Before the wedding, they entered into a prenuptial agreement.  In 2016, Husband filed for divorce and Wife counterclaimed for divorce.  The trial court scheduled the final hearing for June 2017.  Two weeks before the hearing, Wife obtained new counsel.  Wife's new counsel moved for a continuance, but the trial court denied the motion.  The trial court issued its judgment in May 2018, and Wife has appealed, assigning twelve errors.  Husband has cross-appealed, assigning

two errors. We will begin by addressing Wife's second and fourth assignments of error and Husband's second assignment of error because they involve this Court's jurisdiction.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT'S FINDING REGARDING APPELLEE'S RETIREMENT ACCOUNTS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ARE DISPOSED OF INCONSISTENTLY BY THE TRIAL COURT AND THEREFORE NOT A FINAL, APPEALABLE ORDER.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT'S FINDINGS REGARDING 4160 BEACH ROAD, MEDINA, OHIO ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ARE NOT A FINAL, APPEALABLE ORDER.

CROSS-APPELLANT'S ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT DIVIDED PRE-MARITAL INVESTMENT FUNDS THAT WERE TRANSFERRED TO AN ACCOUNT THAT THE COURT PREVIOUSLY AWARDED TO MR. CRANDALL.

{¶3} In her second assignment of error, Wife argues that the trial court incorrectly believed that Husband had two UBS retirement accounts instead of one and gave conflicting directions about how to distribute it. In her fourth assignment of error, she argues that the court gave ambiguous instructions about how to apportion the appreciation to a house that was awarded to Husband. In Husband's second assignment of error, he also argues that the court issued conflicting orders about how to distribute his UBS account.

{¶4} "The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts." *Baker v. Baker*, 9th Dist. Lorain No. 09CA009603, 2009-Ohio-6906, ¶ 5, citing Section 3(B)(2), Article IV of the Ohio Constitution. "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must

be satisfied." *Id.*, quoting *Konstand v. Barberton*, 9th Dist. Summit No. 21651, 2003–Ohio–7187, at ¶ 4. To constitute a judgment or final order,

> "[t]he content of the judgment must be definite enough to be susceptible to further enforcement and provide sufficient information to enable the parties to understand the outcome of the case. If the judgment fails to speak to an area which was disputed, uses ambiguous or confusing language, or is otherwise indefinite, the parties and subsequent courts will be unable to determine how the parties' rights and obligations were fixed by the trial court."

*Id.*, quoting *Harkai v. Scherba Industries, Inc.*, 136 Ohio App.3d 211, 216 (9th Dist.2000). "A divorce decree, which leaves issues unresolved, is not a final order." *Id.* at ¶ 6, citing *Muhlfelder v. Muhlfelder*, 11th Dist. Lake Nos. 2000-L-183, 2000-L-184, 2002 WL 407955, *1 (Mar. 15, 2002). "In the absence of a final, appealable order, this Court must dismiss the appeal for a lack of subject matter jurisdiction." *Helmstedter v. Helmstedter*, 9th Dist. Summit No. 24237, 2009-Ohio-3559, ¶ 9.

{¶5} Regarding Husband's UBS account, Husband presented evidence that, at the time of the marriage, he owned shares in a Templeton Growth Fund. He testified that he had not spent any of the funds during the marriage and that the value of the shares had grown during the marriage. He also testified that, at the time of the hearing, the fund was now being managed by an investment firm called UBS. Husband next presented evidence that, at the time of the marriage, he also had an investment called American Funds. Husband testified that, at the time of the hearing, that investment was also being managed by UBS. He later clarified that the Templeton Growth Fund and the American Funds had been consolidated into one UBS individual retirement account. Husband acknowledged that that account also contained marital funds and requested that only the growth or loss on the marital part be divided with Wife. Husband's most recent UBS account statement indicated that the account had a value $449,871.32.

{¶6}     In its judgment, the trial court found that Husband had a UBS investment account with a balance of $449,871.32 and awarded it to him "to the extent they exist free and clear of any claim by Wife."  It later found that Husband had two retirement accounts, a Templeton Growth Fund worth $98,494.97 and American Funds worth $67,785.52, which were both now UBS.  It again awarded Husband the accounts but ordered that "[e]ach party shall be entitled to one-half the balance valued on the date of distribution."

{¶7}     It is not clear from the judgment how the trial court divided Husband's sole UBS account.  The trial court awarded Husband's UBS account to Husband in one paragraph but awarded Wife one-half of the distributions only a few paragraphs later.  Accordingly, we are unable to determine how the parties' rights and obligations have been fixed by the trial court regarding Husband's UBS account.

{¶8}     Regarding a house awarded to Husband, Husband testified that he purchased the property in 1986 and that it was worth $250,000 at the time of the marriage, with a mortgage balance of $70,000.  Husband testified that he almost entirely dismantled the house and then rebuilt it during the marriage, which he funded with an equity loan and a loan from his parents. Wife testified that she contributed some of her separate property to the rebuilding project, and the court found that she was able to trace $10,000.  The court found that the present fair market value of the property was $310,230 and that the outstanding mortgage balance was $79,231.17. It ordered that "Husband shall be entitled to the passive appreciation on the * * * property, as it is wholly attributable to Husband's separate property interest."  It also ordered that "Wife shall be entitled to $10,000 of the active appreciation, which is traceable to her separate property, and that Husband shall be entitled to the remaining active appreciation.  The amount of active appreciation to which each party is entitled is proportionate to the amount of separate property

that she/he contributed toward the * * * property, Wife contributed $10,000 of separate property."

{¶9} "Allocation of appreciation on a residence in a divorce * * * rests upon whether the appreciation is labeled passive or active." *Sterbenz v. Sterbenz*, 9th Dist. Summit No. 21865, 2004-Ohio-4577, ¶ 5. "Appreciation that occurs on separate property 'due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage' is considered marital property." *Ostmann v. Ostmann*, 168 Ohio App.3d 59, 2006-Ohio-3617, ¶ 26 (9th Dist.), quoting R.C. 3105.171(A)(3)(a)(iii). "This is known as active appreciation." *Id*. "Appreciation that occurs on separate property 'due solely to market forces, such as location and inflation, however, is passive inflation and remains separate property.'" *Id*., quoting *Sterbenz* at ¶ 5.

{¶10} Although the trial court awarded Husband any passive appreciation to the property and awarded Wife a proportionate share of any active appreciation, it did not find how much of the appreciation to the property since the time of the marriage was attributable to active appreciation and how much was attributable to passive appreciation. It also provided no way for the parties to calculate those amounts. The judgment, therefore, is indefinite, as it does not provide the parties and subsequent courts with the ability to determine how the parties' rights and obligations have been fixed. *Baker*, 2009-Ohio-6906, at ¶ 5, quoting *Harkai*, 136 Ohio App.3d at 216.

{¶11} Upon review of the record and the trial court's judgment, we conclude that the judgment is not definite enough to be susceptible to further enforcement and that it contains conflicting orders that prevent the parties from understanding the outcome of the case. Accordingly, the judgment entry of divorce is not a final and appealable order and this Court

does not have jurisdiction to consider the appeal and cross-appeal. Wife's appeal and Husband's cross-appeal are dismissed.

### III.

{¶12} This Court lacks jurisdiction over the appeals. The appeals, therefore, are dismissed.

Appeals dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
DISSENTING.

{¶13} I respectfully dissent. This Court has struggled over the years as to when to review trial court orders for reversible error versus non-final appealable orders. Although I

completely understand the majority's rationale in determining that there is not a final appealable order here, I view the concerns voiced by the majority as error review instead of finality.

{¶14} While the parties in this case do not dispute that there are several inconsistencies and/or errors in the trial court's decree, the parties disagree as to how to address those issues. Husband maintains that the issues can be resolved by remand and correction of the decree whereas Wife contends that a new trial is required due to the errors as well as the fact that she requested a continuance after hiring new counsel just prior to trial.

{¶15} In moving for a continuance, Wife explained that she retained new counsel after it became evident that prior counsel was not taking the steps necessary to prepare for trial. Wife argued that in addition to failing to take care of certain procedural measures, such as filing subpoenas for witnesses and bank records, prior counsel had failed to do background work with respect to securing valuations for several large assets. Wife ultimately decided to retain new counsel just prior to the commencement of trial because communication issues with prior counsel had stymied any progress from being made. When provided with an opportunity to address the motion prior to trial, counsel for Husband did not object to a continuance and simply "defer[red] to the wisdom of the [c]ourt." In denying the continuance, the trial court stated that it had given new counsel several hours that morning to meet with prior counsel and that new counsel could subpoena witnesses and documents as the trial progressed. Under the circumstances presented here, I would conclude that the denial of a continuance was unreasonable, and the trial court abused its discretion. I would therefore sustain Wife's first assignment of error and remand for a new trial.

APPEARANCES:

ADAM MORRIS, Attorney at Law, for Appellant/Cross-Appellee.

DAVID L. MCARTOR and KRISTOPHER K. AUPPERLE, Attorneys at Law, for Appellee/Cross-Appellant.