[Cite as *Crandall v. Crandall*, 2022-Ohio-3956.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

CHRISTOPHER L. CRANDALL

    Appellee

    v.

ELIZANNA M. CRANDALL

    Appellant

C.A. No.      21CA0078-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.      16 DR 0423

DECISION AND JOURNAL ENTRY

Dated: November 7, 2022

CARR, Judge.

**{¶1}** Appellant, Elizanna Crandall, appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. This Court reveres and remands.

I.

**{¶2}** This Court set forth many of the pertinent procedural facts in this matter in the parties' prior appeal:

> The Crandalls were married in 2004 and have no children together. Before the wedding, they entered into a prenuptial agreement. In 2016, Husband filed for divorce and Wife counterclaimed for divorce. The trial court scheduled the final hearing for June 2017. Two weeks before the hearing, Wife obtained new counsel. Wife's new counsel moved for a continuance, but the trial court denied the motion. The trial court issued its judgment in May 2018, and Wife [] appealed, assigning twelve errors. Husband [] cross-appealed, assigning two errors.

*Crandall v. Crandall*, 9th Dist. Medina Nos. 18CA0044-M, 18CA0046-M, 20CA0013-M, 2021-Ohio-3276, ¶ 2.

**{¶3}** This Court determined that the trial court's order did not constitute a final, appealable order because the trial court failed to determine how Husband's individual retirement

account should be divided and it further failed to determine how much of the appreciation of the value of the marital home was attributable to active appreciation and how much was attributable to passive appreciation. *Id*. at ¶ 7, 10.

{¶4} On remand, the trial court held a hearing via Zoom where the parties agreed there was no need for the trial court to take additional evidence in order to issue a final, appealable order. The trial court subsequently issued a revised judgment entry of divorce.

{¶5} Wife has appealed and raises ten assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING WIFE'S MOTION FOR CONTINUANCE OF THE TRIAL DATE.

{¶6} In her first assignment of error, Wife contends that the trial court abused its discretion when it denied her motion for continuance prior to trial. Wife emphasizes she requested only a short continuance, and she informed the trial court why she would be prejudiced if her new attorney was not given additional time to prepare for trial. Wife further asserts she had done nothing to cause the trial date to be delayed prior to requesting a continuance.

{¶7} An appellate court reviews a trial court's ruling on a motion for a continuance for an abuse of discretion. *State v. Acoria*, 129 Ohio App.3d 376, 378 (9th Dist.1998); *Swedlow v. Reigler*, 9th Dist. Summit No. 26710, 2013-Ohio-5562, ¶ 9. An abuse of discretion means more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8} "In determining whether the trial court abused its discretion by denying a motion for a continuance, this Court must 'apply a balancing test, weighing the trial court's interest in controlling its own docket, including facilitating the efficient dispensation of justice, versus the

potential prejudice to the moving party.'" *State v. Dawalt*, 9th Dist. Medina No. 06CA0059-M, 2007-Ohio-2438, ¶ 10, quoting *Burton v. Burton*, 132 Ohio App.3d 473, 476 (3d. Dist.1999).  The Supreme Court of Ohio has observed that

> [i]n evaluating a motion for a continuance, a court should [consider] the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [movant] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*State v. Unger*, 67 Ohio St.2d 65, 67-68 (1981).  "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.  The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."  *Unger*, 67 Ohio St.2d at 67, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

{¶9}    This matter was scheduled for trial on June 13, 2017.  Five days prior to trial, Wife filed a motion notifying the trial court that she had retained new counsel and requesting a short continuance of the trial date of between 30 to 60 days.  Wife noted there had been a breakdown in communication with former counsel and it had become apparent that former counsel was not prepared for trial.  Wife raised several specific concerns, including that she had recently learned Husband was in possession of several assets that were not previously disclosed and that former counsel had not had time to investigate the value of those assets.  Wife also noted new counsel needed time to secure subpoenas for several witnesses.  Wife stressed new counsel would begin reviewing the file immediately but would not be prepared to go forward on the scheduled trial date.

{¶10}   The day after Wife filed her motion for a continuance, the trial court issued a journal entry finding that Wife's motion was not in compliance with the local rules because former counsel

had not filed a timely written motion requesting permission to withdraw. While the trial court instructed the parties to be prepared for trial, it indicated that it would hear arguments on the motion for a continuance on the scheduled trial date. Former counsel filed a motion requesting permission to withdraw just hours after the trial court issued its journal entry.

{¶11} The parties appeared before the trial court on June 13, 2017, at which time new counsel renewed his motion for a continuance. New counsel explained that Wife felt compelled to retain a new attorney because former counsel was not returning her calls and it became apparent that he was not prepared for trial. In addition to the fact that former counsel had not prepared a trial brief, Wife was concerned that former counsel had yet to subpoena key witnesses and bank records. When former counsel transferred the case file to new counsel, former counsel indicated that he was in the process of serving over 20 subpoenas. New counsel stated that as of the trial date only three subpoenas had been returned and only one witness appeared for trial. New counsel further stressed that the case involved a number of complex financial issues and that former counsel failed to obtain valuations for certain assets that would be pertinent to the proceedings. New counsel asserted that only one trial date had been scheduled to that point and Wife was only asking for a short continuance.

{¶12} When asked to respond, Husband's counsel stated that he would defer to the trial court.

{¶13} The trial court then stated as follows:

[] I have to say that this case has been pending for nine months. Both counsel appeared to be prepared at the pretrial. I don't see any reason not to go forward today. It's been indicated to me that this is going to be a multi-day trial, so you would certainly have the ability to subpoena whatever people are necessary, so the motion to continue is denied.

{¶14} Thereafter, new counsel waived opening statement on the basis that he was not prepared to offer one. The trial court noted for the record that it had accommodated new counsel by allowing new counsel and former counsel to spend the morning together. New counsel acknowledged that approximately seven days earlier, former counsel had transferred two office boxes to new counsel's office. On the morning of trial, the trial court allowed new counsel and former counsel to speak for three hours, at which time former counsel represented that the two office boxes consisted of the entire case file. New counsel had the opportunity to ask questions during that time and when the trial court granted former counsel's motion to withdraw, former counsel left the courthouse.

{¶15} Under the specific circumstances of this case, the trial court abused its discretion in denying Wife's motion for a continuance. In support of her motion, Wife articulated her basis for obtaining new counsel as well as a number of reasons why she would be prejudiced if she did not receive a continuance. Most notably, new counsel had been working on the case for only a week and he needed additional time to secure valuations for certain assets and clarify the availability of witnesses. Husband did not oppose the motion for a continuance. In denying the motion, the trial court noted that the case had been pending for nine months but largely declined to address the substantive concerns raised by Wife, other than to say that Wife would have the opportunity to subpoena witnesses over the course of the multi-day trial. The denial of the continuance undermined Wife's ability to fairly litigate this matter. The trial transcript reveals that there were multiple occasions where Wife was limited in her ability to either present evidence or contest Husband's evidence due to the trial court's denial of the continuance.[1] The fact that the trial court

---

[1] There were multiple occasions throughout the course of the trial where Wife informed the trial court that she would be unable to present certain pieces of evidence unless she received a continuance. The trial court denied her motions.

gave new counsel and former counsel several hours to discuss the case is immaterial given that the purpose of moving for a continuance was that former counsel had failed to adequately prepare for trial. It follows that the trial court abused its discretion in denying Wife's motion for a continuance.

**{¶16}** The first assignment of error is sustained.

## ASSIGNMENTS OF ERROR II – X

**{¶17}** Wife raises nine additional assignments of error. In light of this Court's resolution of Wife's first assignment of error, this Court declines to address the remaining assignments of error as they have been rendered moot. App.R. 12(A)(1)(c).

### III.

**{¶18}** The first assignment of error is sustained. This Court declines to address the remaining assignments of error as they have been rendered moot. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

ADAM MORRIS, Attorney at Law, for Appellant.

DAVID MCARTOR, Attorney at Law, for Appellee.