[Cite as *Crandall v. Crandall*, 2025-Ohio-592.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

CHRISTOPHER CRANDALL

    Appellant

    v.

ELIZANNA CRANDALL

    Appellee

C.A. No.     2024CA0064-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     16DR0423

DECISION AND JOURNAL ENTRY

Dated: February 24, 2025

FLAGG LANZINGER, Presiding Judge.

{¶1} Plaintiff-Appellant Christopher Crandall ("Christopher") appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, dismissing his Complaint for Divorce without prejudice. This Court dismisses the attempted appeal for lack of jurisdiction.

I.

{¶2} This matter involves a divorce action between Christopher and Defendant-Appellee Elizanna Crandall ("Elizanna"). This is the third time this case has been appealed to this Court. *See Crandall v. Crandall*, 2021-Ohio-3276 (9th Dist.) ("*Crandall I*"); *Crandall v. Crandall*, 2022-Ohio-3956 (9th Dist.) ("*Crandall II*"). In *Crandall II*, we stated the following:

This Court set forth many of the pertinent procedural facts in this matter in the parties' prior appeal:

The Crandalls were married in 2004 and have no children together. Before the wedding, they entered into a prenuptial agreement. In 2016, [Christopher] filed for divorce and [Elizanna] counterclaimed for divorce.

> The trial court scheduled the final hearing for June 2017. Two weeks before the hearing, [Elizanna] obtained new counsel. [Elizanna]'s new counsel moved for a continuance, but the trial court denied the motion. The trial court issued its judgment in May 2018, and [Elizanna] appealed, assigning twelve errors. [Christopher] cross-appealed, assigning two errors.

> *Crandall v. Crandall*, 9th Dist. Medina Nos. 18CA0044-M, 18CA0046-M, 20CA0013-M, 2021-Ohio-3276, ¶ 2.

> This Court determined that the trial court's order did not constitute a final, appealable order because the trial court failed to determine how [Christopher]'s individual retirement account should be divided and it further failed to determine how much of the appreciation of the value of the marital home was attributable to active appreciation and how much was attributable to passive appreciation. *Id.* at ¶ 7, 10.

> On remand, the trial court held a hearing via Zoom where the parties agreed there was no need for the trial court to take additional evidence in order to issue a final, appealable order. The trial court subsequently issued a revised judgment entry of divorce.

*Crandall II* at ¶ 2-4. Elizanna appealed, raising ten assignments of error. This Court concluded that the trial court abused its discretion when it denied Elizanna's motion to continue the June 2017 trial, reversed the judgment, and remanded the matter to the trial court for further proceedings consistent with this Court's decision. *Id.* at ¶ 15, 18.

{¶3} On remand, the trial court held a status conference on April 6, 2023. Following the status conference, the trial court referred the matter to a magistrate and the case proceeded through the pretrial process. The matter was originally scheduled for trial on July 19, 2023, but the trial was continued after Christopher retained new counsel in June 2023. The trial was thereafter rescheduled for February 12, 2024. However, on February 9, 2024, Christopher filed another motion to continue the trial, this time on the basis that his counsel was unavailable. In its order granting the motion, the trial court cancelled the February 12, 2024 trial and indicated it would be reset by separate order. On April 16, 2024, the trial court issued two Notices of Hearing, one for a working pretrial hearing on June 7, 2024, at 2:00 p.m., and one for a trial on August 2, 2024.

The Notices of Hearing both included the following language: "If you are the moving party and fail to appear at the hearing, your action may be immediately dismissed at your cost and the Court's discretion."

{¶4} It is undisputed that neither Christopher nor his counsel appeared for the June 7, 2024 pretrial hearing. In a Magistrate's Decision filed that same day, the Magistrate noted Christopher's failure to appear and dismissed his Complaint for Divorce filed September 6, 2016, ("Complaint for Divorce") for lack of prosecution. Christopher filed a timely Objection to the Magistrate's Decision.

{¶5} In a July 11, 2024 Judgment Entry (Ruling on Objections) ("July 11, 2024 Judgment Entry"), the trial court overruled Christopher's objections, adopted the Magistrate's Decision as an order of the court, and noted the matter was scheduled to proceed to trial on Elizanna's counterclaim for divorce on August 2, 2024. However, on July 12, 2024, Elizanna filed a Notice of Voluntary Dismissal dismissing her counterclaim for divorce without prejudice.

{¶6} Christopher filed this timely appeal of the trial court's July 11, 2024 Judgment Entry, raising two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DISMISSING THE APPELLANT'S COMPLAINT FOR DIVORCE.**

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT'S JULY 11, 2024 JUDGMENT ENTRY IS CONTRARY TO THE REMAND INSTRUCTIONS IN *CRANDALL II*, CONSTITUTING AN ABUSE OF DISCRETION.**

**{¶7}** In his first assignment of error, Christopher contends the trial court erred as a matter of law and abused its discretion when it dismissed his Complaint for Divorce because (1) the trial court was precluded from dismissing his Complaint for Divorce since the trial court had previously granted the parties a divorce in the May 18, 2018 Judgment Entry: Divorce, and (2) the trial court's dismissal was an "improperly harsh sanction that lacked the prerequisite notice and ability to cure." In his second assignment of error, Christopher argues that the trial court's dismissal of his Complaint for Divorce is contrary to this Court's remand instructions in *Crandall II* and that the trial court's May 18, 2018 Judgment Entry is still valid. We do not reach the merits of Christopher's arguments because this Court lacks jurisdiction to consider the attempted appeal.

**{¶8}** As an initial matter, we must determine whether this Court has authority to address Christopher's appeal. In her appellate brief, Elizanna contends this Court should dismiss the appeal because the trial court's Judgment Entry dismissing Christopher's Complaint for Divorce was without prejudice and the order is not a final appealable order. We agree.

**{¶9}** This Court's jurisdiction is limited to appeals taken from final, appealable orders. Ohio Const. art. IV, § 3(B)(2). R.C. 2505.02(B) provides that an order is a final order that this Court may be review when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a)The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of [certain] changes to the Revised Code . . . .

(7) An order in an appropriation proceeding that may be appealed pursuant to division [R.C. 163.09(B)(3)];

(8) An order restraining or restricting enforcement, whether on a temporary, preliminary, or permanent basis, in whole or in part, facially or as applied, of any state statute or regulation, including, but not limited to, orders in the form of injunctions, declaratory judgments, or writs.

{¶10} In his reply brief, Christopher claims that the trial court's order dismissing his Complaint is final and appealable because the parties' marriage was terminated in the May 18, 2018 Judgment Entry: Divorce, and the parties are thereby precluded from refiling the proceedings. Christopher does not develop this argument further and it is unclear whether he is asserting the trial court's order is final and appealable because it is a post-decree order or if he is asserting the trial court's order is final and appealable because it effectively vacates the May 18, 2018 Judgment Entry: Divorce. Regardless, both arguments have no merit because the May 18, 2018 Judgment Entry was reversed on appeal. *See Crandall II*, 2022-Ohio-3956, at ¶ 18

{¶11} In *Crandall II*, this Court determined that the trial court erred and abused its discretion when it denied Elizanna's motion to continue the 2017 trial and then *expressly* reversed the judgment before remanding the matter to the trial court. *Id.* at ¶ 15, 18. The Supreme Court of Ohio has stated,

It is basic law that an "action of the Court of Appeals in reversing and remanding the cause to the [trial court] for further proceedings has the effect of reinstating the case to the [trial court] *in statu quo ante.* The cause is reinstated on the docket of

the court below in precisely the same condition that obtained before the action that resulted in the appeal and reversal."

*Armstrong v. Marathon Oil Co.*, 32 Ohio St.3d 397, 418 (1987), quoting 5 Ohio Jur. 3d, 426, Appellate Review, § 717, at 426 (1978). Thus, "'[t]he effect of a reversal and an order of remand is to reinstate the case to the docket of the trial court in precisely the same condition that obtained before the error occurred.'" *Szymczak v. Tanner*, 2013-Ohio-4277, ¶ 12 (9th Dist.), quoting *In re G.N.*, 2008-Ohio-1796, ¶ 11 (12th Dist.). Consequently, on remand, this case was reinstated prior to the trial's denial of Elizanna's motion to continue the June 13, 2017 trial and more than eleven months before the filing of the May 2018 Judgment Entry.

**{¶12}** Christopher next asserts that the July 11, 2024 Judgment Entry is final and appealable because the court dismissed the matter for failure to prosecute and such a dismissal is "on the merits." A review of the July 11, 2024 Judgment Entry, shows the trial court dismissed Christopher's Complaint for Divorce solely based on his failure to prosecute but failed to state whether the dismissal was with or without prejudice. Christopher contends that pursuant to Civ.R. 41(B), this failure renders the order a dismissal with prejudice. This contention is incorrect.

**{¶13}** Pursuant to Civ.R. 75(A), the Rules of Civil Procedure apply in actions for divorce with the modifications or exceptions expressly set forth in Civ.R. 75. Civ.R. 41 governs the dismissal of actions. Under Civ.R. 41(B)(1), upon its own motion, a trial court may dismiss an action or claim where the plaintiff has failed to prosecute. Although Civ.R.41(B)(4) provides that a dismissal under Civ.R. 41(B)(1) operates as a dismissal on the merits unless the court specifies otherwise, Civ.R. 75(P) expressly states the following exception in the context of a divorce proceeding:

> Notwithstanding Civ.R. 41, any dismissal of a divorce . . . action by a court or party, other than a denial on the merits, shall not operate as an adjudication of the merits or a bar to a subsequent filing of the action.

Therefore, the trial court's dismissal of Christopher's complaint did not operate as an adjudication on the merits, and it does not bar him from filing a subsequent complaint.

{¶14} Our determination that the trial court's dismissal was without prejudice does not end our inquiry. Generally, the dismissal of a divorce complaint other than on the merits is not a final, appealable order because the plaintiff is permitted to refile the complaint. *See Smirz v. Smirz*, 2014-Ohio-3869, ¶ 10 (9th Dist.), citing *State ex rel. DeDonno v. Mason*, 2011-Ohio-1445, ¶ 2. However, as recognized above, if an order affects a substantial right made in a special proceeding, it is a final, appealable order under R.C. 2505.02(B)(2). A divorce action is a special proceeding in the context of R.C. 2505.02. *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379 (1994). A "[s]ubstantial right" under the statute is a right "that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶15} In the context of a divorce action, an order which affects a substantial right is one which, if not immediately appealable, would foreclose appropriate relief in the future. *Peak-Sims v. Sims*, 2018-Ohio-2002, ¶ 5 (9th Dist.), quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993). As this Court explained in *Smirz v. Smirz*,

> [T]he impact on a substantial right based on a dismissal without prejudice in a domestic relations case might give rise to a final, appealable order, but only where the effect on the substantial right is both alleged and prejudicial, i.e., where the impact cannot be rectified through equitable considerations in the refiled cause or motion.

*Smirz* at ¶ 16, citing *Davis v. Paige*, 2008-Ohio-6415, ¶ 40-41 (5th Dist.). "The law accords numerous parental and marital rights, including rights to support; and the domestic relations court enforces those rights in an equitable manner." *Smirz* at ¶ 18. Here, Christopher does not point to

any substantial right he alleges the trial court's dismissal prejudicially affected that cannot be rectified through a refiled complaint.

**{¶16}** For the foregoing reasons, we conclude that the trial court's July 11, 2024 Judgment Entry dismissing Christopher's Complaint for Divorce is not a final appealable order and we lack jurisdiction to consider the merits of his appeal.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

NICOLE A. CRUZ, Attorney at Law, for Appellant.

ADAM R. MORRIS, Attorney at Law, for Appellee.