OPINION
{¶ 1} Plaintiff-appellant, Neal Hamad ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas, Division of Domestic Relations, finding him guilty of contempt of court and sentencing him to a 60-day term of incarceration. For the reasons that follow, we reverse. *Page 2 
 {¶ 2} On May 1, 2006, the trial court granted a divorce to defendant-appellee, Ikram Hamad ("appellee"). During the pendency of the proceedings, the trial court found appellant in contempt of court and sentenced him to a 30-day term of incarceration. The trial court also divided the marital property, awarded appellee her separate property, ordered appellant to pay appellee's attorney fees, and ordered appellant to pay appellee spousal support. We affirmed the trial court's judgment in most respects, including the trial court's first contempt finding.Hamad v. Hamad, Franklin App. No. 06AP-516, 2007-Ohio-2239.
 {¶ 3} While the appeal was pending, appellee filed a motion seeking a second finding of contempt against appellant based on appellant's failure to follow the court's orders as set forth in the divorce decree. The certificate of service attached to the motion states that the motion was served by being mailed to appellant's counsel, and there is no indication that appellant was served with the motion. The trial court scheduled a hearing on the second motion for contempt on November 22, 2006.
 {¶ 4} The initial hearing date was continued at appellee's request. A second hearing date was continued at the request of both parties, with both counsel signing the motion form. The hearing was then continued a third time, again at the request of both parties and with both counsel signing the form.
 {¶ 5} The trial court held a hearing on the contempt motion on June 13, 2007. Appellant was represented by counsel, but was not present himself. The trial court found appellant guilty of contempt, and sentenced him to 60 days of incarceration, subject to the opportunity to purge the contempt by complying with the court's orders. In its decision, the trial court specifically found that appellant was subject to the trial court's jurisdiction on *Page 3 
the motion for contempt based on his trial counsel's participation in the motions for continuance of the contempt hearing.
 {¶ 6} On November 27, 2007, appellant was arrested on a capias that had been issued by the trial court relating to the first finding of contempt. After a hearing, the court directed appellant to serve the 30-day sentence that had been imposed on that contempt finding. While appellant was still being held on the first contempt finding, appellee filed a motion seeking enforcement of the 60-day sentence imposed on the second contempt finding. The trial court held a hearing on the motion to enforce the finding of contempt on December 19, 2007. On December 20, 2007, the trial court directed appellant to serve the 60-day sentence for the second contempt finding consecutive to the 30-day sentence appellant was already serving for the first contempt finding. Appellant then filed this appeal from the trial court's decision on January 18, 2008.
 {¶ 7} On January 24, 2008, appellant filed an action seeking a writ of habeas corpus directing the Franklin County Sheriff to release him from incarceration. Appellant argued that he was entitled to a writ of habeas corpus because he had never been personally served with appellee's motion for a finding of contempt. In representing the sheriff in appellant's habeas corpus action, the Franklin County prosecutor's office argued that it was not necessary for appellant to be personally served with the contempt motion because the motion had been served on his counsel, and that appellant had submitted to the trial court's jurisdiction to consider the motion when his counsel participated in filing the motions for continuance of the contempt hearing. On January 30, 2008, we rejected these arguments and granted the requested writ of habeas corpus. State ex rel. Hamad v. Karnes (Jan. 30, 2008), Franklin App. No. 08AP-63 (Journal Entry of Judgment). *Page 4 
 {¶ 8} On appeal, appellant alleges a single assignment of error:
 The trial court erred in sentencing Plaintiff to jail for contempt when Plaintiff had not been properly served with the underlying motion for contempt.
 {¶ 9} In her brief, appellee argues that appellant failed to file a timely appeal from the trial court's decision on the motion for a finding of contempt. The original finding of contempt was made by the trial court on June 13, 2007. However, the order from which this appeal was taken was not the June 13, 2007 order finding appellant in contempt, but rather was the December 20, 2007 order the trial court issued in response to appellee's motion to enforce the contempt finding, in which the trial court directed appellant to serve the 60-day sentence that had been imposed. Thus, appellant's notice of appeal was timely.
 {¶ 10} The trial court found that appellant had submitted to the court's jurisdiction for purposes of the contempt motion when his counsel participated in the filing of the motions seeking to continue the hearing on the contempt motion. Civ. R. 75(J) provides that a trial court retains continuing jurisdiction over actions for divorce, annulment, and legal separation. The rule specifically provides that when the court's continuing jurisdiction is triggered by the filing of a motion, "notice of [the motion] shall be served in the manner provided for the service of process under Civ. R. 4 to 4.6." Nothing in Civ. R. 4 to 4.6 provides for service to be made on a party's counsel, and the only provision allowing for waiver of service is set forth in Civ. R. 4(D), which allows a person entitled to service to waive service in writing. In this case, there is no indication that appellant waived service of the motion for contempt pursuant to Civ. R. 4(D). *Page 5 
 {¶ 11} Furthermore, we have held that Civ. R. 75(J) requires that a post-decree motion be served upon the defending party, and service on the defending party's counsel is not sufficient to invoke the court's continuing jurisdiction. Farley v. Farley (Aug. 31, 2000), Franklin App. No. 99AP-1103. In reaching this conclusion, we quoted the First District Court of Appeals, which stated that because a contempt proceeding "is essentially a new and independent proceeding in that it involves new issues[,]" it "must be initiated by the issuance and service of new process." Hansen v. Hansen (1999), 132 Ohio App.3d 795, 799,726 N.E.2d 557. In addition, in Farley we rejected the argument that the alleged contemnor submitted to the court's continuing jurisdiction for purposes of a contempt motion when his counsel filed a motion seeking a stay of the trial court's divorce decree. Farley, at *15.
 {¶ 12} Appellee points to our decision in Kennedy v. Talley (Mar. 30, 1999), Franklin App. No. 98AP-893 as support for the conclusion that an appearance by counsel through the filing of a motion may be sufficient to invoke the court's jurisdiction for purposes of a motion for contempt. In Kennedy, the alleged contemnor had invoked the court's continuing jurisdiction by filing a motion to modify spousal support before the motion for contempt was filed, and the subsequently filed contempt motion involved some of the same issues as the motion to modify spousal support.
 {¶ 13} As we noted in Farley, "[Kennedy v. Talley] is an anomaly from a precedential point of view, because two members of the three-judge panel concurred separately, disagreeing with the lead opinion's conclusion that personal service on the contemnor was not necessary[.]"Farley, at *15. Moreover, Kennedy is readily distinguishable from the instant case because, in that case, the court's continuing *Page 6 
jurisdiction was invoked by the alleged contemnor before the motion for contempt was filed.
 {¶ 14} Because appellee failed to serve her motion for contempt on appellant, and because the appearance by appellant's counsel filing motions to continue the hearing on the contempt motion was not sufficient to invoke the court's continuing jurisdiction, we sustain appellant's single assignment of error. The trial court's judgment finding appellant in contempt is reversed, and this matter is remanded to the trial court for proceedings consistent with this opinion.
Judgment reversed; cause remanded.
 PETREE and TYACK, JJ., concur. *Page 1