[Cite as *M.E.D. v. P.K.*, 2023-Ohio-3471.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| M.E.D., | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112070 |
| v. | : | |
| P.K., | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** September 28, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-15-357855

---

### *Appearances:*

Stafford Law Co., L.P.A., Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring, *for appellee*.

P.K., *pro se*.

ANITA LASTER MAYS, A.J.:

## I.   Introduction and Background

{¶ 1}   Defendant-appellant P.K., proceeding pro se, appeals the trial court's dismissal of a motion to modify child support for lack of jurisdiction due to failure

to perfect service on plaintiff-appellee M.E.D. For the reasons set forth herein, we dismiss the appeal.

{¶ 2} The parties divorced in July 2016, and appellee was designated the residential parent. On August 9, 2019, appellant filed a motion to modify allocation of parental rights and an emergency motion for supervised visitation. On December 17, 2020, the trial court suspended appellant's parenting time pending an evidentiary hearing.

{¶ 3} Appellant states he hired counsel on September 23, 2020, who filed a motion to modify child support and obligation for medical insurance on November 20, 2020, the motion at issue herein. On February 25, 2021, appellant filed motions to stay and to suspend child support disbursements pending resolution of the motion to modify child support. The stay was granted on March 5, 2021. Appellee moved for reconsideration on March 15, 2021, on the ground that the trial court did not allow appellee time to respond pursuant to Civ.R. 6, and that the stay was not in the best interests of the children. The trial court granted reconsideration and subsequently denied the stay.

{¶ 4} On February 15, 2022, appellee moved to dismiss appellant's motion to modify due to insufficient service of process. The motion was denied on February 18, 2022. On February 22, 2022, the magistrate heard the motion to modify.

{¶ 5} Appellee objected to the motion based on lack of jurisdiction for failure to comply with Loc.R. 19 that provides "[a] motion that requests a change or

modification of an existing child support or spousal support order must be filed and served upon the opposing party according to methods of service in Civil Rule 4 through 4.6." Loc.R. 19 also prescribes the content of the motion and the hearing procedure. The magistrate acknowledged that appellee was renewing the motion to dismiss, which the magistrate denied. The hearing proceeded.

{¶ 6} During the hearing, appellee requested that the trial court examine the motion for modification required by Loc.R. 19:

Counsel:     Go to his affidavit, could you please? Go to the service first, the motion.

Go to service.

Your Honor, will you take judicial notice the service of process was made, I believe pursuant to Civ.R. 5 and not 4, through 4.6. If you could take judicial notice of that, I would appreciate it.

Magistrate: Yes. Can you identify the document for the record?

Counsel:     For the record, Your Honor, Exhibit 35 was a Motion to Modify Support filed on November 20, 2020, and this is, we just printed it off from the docket.

Could you go to his affidavit, please?

(Tr. 61-62.) Appellant was also questioned about the contents of the accompanying affidavit of income and expense.

{¶ 7} On June 9, 2022, the magistrate issued a decision modifying support to zero. Appellee objected to the: (1) denial of the dismissal for improper service under Civ.R. 4 and Loc.R. 19, rendering the decision void; (2) denial of dismissal for failure to submit a completed affidavit pursuant to Loc.R. 19; (3) finding that a

change of circumstances warranted modification of the support obligation; (4) grant of modification of the support obligation contrary to the children's best interest; and (5) modification of support under R.C. 3119.05.

{¶ 8} On September 23, 2022, the trial court granted the objections, finding that appellant failed to perfect service by serving appellee's attorney and not the appellee in contravention of the express requirements of Loc.R. 19 and Civ.R. 75(J). Thus, the trial court held that it lacked jurisdiction, vacated and set aside the magistrate's decision, and dismissed the motion to modify.

{¶ 9} Appellant appeals.

## II. Assignments of Error

{¶ 10} Appellant assigns three errors:

I. The trial court committed an error of law when it used a local rule which is inconsistent with Ohio state law and the Ohio Supreme Court Rules of Civil Procedure to deny its own court jurisdiction over a Motion to Modify Child Support.

II. The trial court abused its discretion when it issued an order disclaiming its jurisdiction over the parties and issues concerning a motion to modify child support, of which it previously allowed.

III. The trial court abused its discretion in not taking into consideration that the plaintiff had waived her rights to make a motion to dismiss defendant's motion to modify child support for lack of jurisdiction when plaintiff previously made motions asking the court to apply its jurisdiction over the motion to modify child support, had been given the opportunity to address the jurisdiction issue at many hearings, and did not include in her motion to dismiss the local rule later proposed at trial.

## III. Jurisdiction

{¶ 11} An appellate court's jurisdiction is limited to review of final orders and judgments. *Cooney v. Radostitz*, 8th Dist. Cuyahoga No. 110009, 2021-Ohio-2521, ¶ 12, citing Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.02 and 2505.03. Prior to a review of the merits, an appellate court "'has a duty to examine, sua sponte, potential deficiencies in jurisdiction.'" *Id.*, citing *Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 8th Dist. Cuyahoga No. 105037, 2017-Ohio-7174, ¶ 7; *Arch Bay Holdings, L.L.C. v. Goler*, 8th Dist. Cuyahoga No. 102455, 2015-Ohio-3036, ¶ 9; *see also Scanlon v. Scanlon*, 8th Dist. Cuyahoga No. 97724, 2012-Ohio-2514, ¶ 5 ("In the absence of a final, appealable order, the appellate court does not possess jurisdiction to review the matter and must dismiss the case sua sponte.").

{¶ 12} R.C. 2505.02(B) lists the types of orders that qualify as final, appealable orders:

> An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:
>
> > (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in

the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly * * * or any changes made by Sub. S.B. 80 of the 125th general assembly * * *;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

{¶ 13} The dismissal in this case was for lack of personal jurisdiction. A dismissal for lack of personal jurisdiction "'operate[s] as a failure otherwise than on the merits,'" *Crown Servs. v. Miami Valley Paper Tube Co.*, 162 Ohio St.3d 564, 2020-Ohio-4409, 166 N.E.3d 1115, ¶ 22, quoting *Natl. City Commer. Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 8, quoting Civ.R. 41(B)(4)(a). [1]

---

[1] This court has previously questioned whether Civ.R. 41 cited in *Natl. City* applies to motion practices. *Reinhard v. Reinhard*, 8th Dist. Cuyahoga No. 95000, 2011-Ohio-343, ¶ 17 ("We are not convinced that Civ.R. 41 applies to motion practice because it is entitled 'Dismissal of actions' and speaks specifically to dismissals of causes of actions and counterclaims"). We find that we need not delve into that issue here because the matter is not determined by Civ.R. 41 but by the presence of a void judgment due to lack of personal jurisdiction as required by Civ.R. 75(J). "'[T]o enter a valid judgment, a court must have personal jurisdiction over the defendant.'" *Midland Funding, L.L.C. v. Cherrier*, 8th Dist. Cuyahoga No. 108595, 2020-Ohio-3280, ¶ 9, quoting *Mayfran Intl., Inc. v. Eco-Modity, L.L.C.*, 2019-Ohio-4350, 135 N.E.3d 792, ¶ 9 (8th Dist.), citing *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). A judgment rendered without personal jurisdiction is void. *GGNSC Lima, L.L.C. v. LMOP, L.L.C.*, 8th Dist.

{¶ 14} Ordinarily, a dismissal "otherwise than on the merits" does not prevent a party from refiling and, therefore, ordinarily, such a dismissal is not a final, appealable order. *Id*. at ¶ 8. In this case, not only is appellant able to refile, this court was informed during oral arguments that appellant filed a new motion to modify child support in November 2022.

{¶ 15} The requirements of Loc.R. 19 and Civ.R. 75(J) must be met to invoke continuing jurisdiction. Appellant did not meet those requirements. "A judgment in the absence of personal jurisdiction over the defendant is void." *Lakhodar v. Madani*, 8th Dist. Cuyahoga No. 91564, 2008-Ohio-6502, ¶ 11, citing *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956).

## IV. Conclusion

{¶ 16} The appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

---

Cuyahoga No. 105910, 2018-Ohio-1298, ¶ 14, citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph three of the syllabus.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., CONCURS;
SEAN C. GALLAGHER, J., DISSENTS (WITH SEPARATE OPINION)


SEAN C. GALLAGHER, J., DISSENTING:

{¶ 17} The motion to modify child support and obligation for medical insurance ("the motion") was filed on November 20, 2020, over a year after P.K. first invoked the domestic relations court's continuing jurisdiction through the filing of a motion to modify a parenting order. That first motion was properly served on M.E.D. under Loc.R. 19 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division, and Civ.R. 75(J) (collectively "service rules"), thereby invoking the domestic relations court's continuing jurisdiction. At the time the motion was filed in November, the court had yet to resolve the parties' ongoing litigation. Compliance with those service rules was unnecessary with respect to the motion as long as the domestic relations court possessed continuing jurisdiction over the post-decree matters. M.E.D. has not established, much less presented an argument in favor of, a requirement that each separate, post-decree motion must comply with the initial service rules.

{¶ 18} The trial court's conclusion that it lacked jurisdiction over the motion effectively denied J.K. relief. Generally speaking, the denial of a motion to modify support is a final appealable order because the modification cannot be retroactive beyond the date of the request. *Smith v. Smith*, 5th Dist. Fairfield No. 2008 CA 00030, 2009-Ohio-3978, ¶ 41; *Zamos v. Zamos*, 11th Dist. Portage No. 2002-P-0085, 2004-Ohio-2310, ¶ 13. Thus, any refiling of the motion would limit the date upon which the subsequent modification, if any, could be retroactively awarded, which affects "a substantial right in an action that in effect determines the action and prevents judgment." R.C. 2505.02(B)(1).

{¶ 19} Refiling a motion to modify child support will not afford the party any relief. If no immediate appeal is permitted, none can be had and the domestic relations court's decision would never be subject to appellate scrutiny.

{¶ 20} For this reason, I respectfully dissent and would reverse the decision of the domestic relations court. The denial of the motion to modify is a final, appealable order, and in light of the procedural posture of the case at the time the motion was filed, the court's continuing jurisdiction was not in question. Dismissal of the motion was not proper.

KEYWORDS
#112070


Civ.R. 4; Civ.R. 75; Loc.R. 19; motion to modify child support; lack of personal jurisdiction. The trial court properly dismissed appellant's motion to modify child support for lack of personal jurisdiction. Appellant failed to perfect service pursuant to Civ.R. 4, Civ.R. 75, and Loc.R. 19.