[Cite as *V.C. v. O.C.*, 2024-Ohio-344.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

V.C.,                                          :

                                               No. 113181

    Plaintiff-Appellee,        :

    v.                         :

O.C.,

                                               :

    Defendant-Appellant.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** February 1, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-11-338367

---

### *Appearances:*

Ronald A. Skingle, *for appellee.*

O.C., *pro se.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Father-appellant, O.C. ("Father"), pro se, appeals from the trial court's judgment entry (1) dismissing his motions to modify parental rights and responsibilities and to show cause for contempt of court and (2) overruling his motion to stay an order requiring him to serve appellee V.C. ("Mother") and the

guardian ad litem with copies of his motions and to pay a deposit for the guardian ad litem's fee. Father contends that the trial court erred and abused its discretion by dismissing or overruling his motions without a hearing or referring the matter to mediation.

{¶ 2} For the reasons that follow, we dismiss this appeal.

**Procedural and Factual Background**

{¶ 3} Mother and Father were married on August 21, 1999. They have four children, two of whom are still minors — daughter C.T.C. (d.o.b. 8/24/06) and son U.C.C. (d.o.b. 5/28/10). A final divorce decree was entered on April 25, 2018 that included a shared parenting plan. Following the divorce, the parties filed a number of post-decree motions seeking to terminate the shared parenting plan and modify the parties' child support obligations.

{¶ 4} On September 25, 2020, the trial court issued a judgment entry that terminated the parties' shared parenting plan, designated Mother as the residential parent and legal custodian of the parties' minor children and ordered Father to pay monthly child support. Father appealed to this court, challenging, among other things, the trial court's designation of Mother as the residential parent and legal custodian of the minor children and its order requiring Father to pay child support to Mother. *V.C. v. O.C.*, 8th Dist. Cuyahoga No. 109988, 2021-Ohio-1491, ¶ 41, 43, 74.

{¶ 5} On appeal, this court affirmed the trial court's decision to the extent it terminated the parties' shared parenting plan and designated Mother the

residential parent and legal custodian of the parties' minor children. *Id.* at ¶ 2, 72-73. However, concluding that the trial court had applied the wrong standard in determining Father's child support obligation, this court reversed the child support order and remanded the case for a redetermination of Father's child support obligation. *Id.* at ¶ 82, 96. On appeal after remand, this court affirmed the trial court's redetermination of Father's child support obligation. *V.C. v. O.C.*, 8th Dist. Cuyahoga No. 110009, 2022-Ohio-1506.

{¶ 6} On July 18, 2023, Father filed (1) a motion to modify parental rights and responsibilities, requesting that the court modify its September 25, 2020 judgment entry to designate him the residential parent and legal custodian of C.T.C. and U.C.C. ("motion to modify parental rights") and (2) a "motion to show cause for contempt of court," requesting that Mother be ordered to show cause why she should not be held in contempt of court "for claiming C.T.C. in her 2022 tax return and for multiple violations and interference with * * * parenting time" ("motion to show cause"). Attached to the motions were certificates of service indicating that copies of the motions had been "mailed and electronically transmitted to [Mother] through her attorney." On August 4, 2023, the trial court issued an order, stating that Father's motions would be "taken under advisement pending [Father's] compliance with the following orders on or before August 31, 2023":

> 1. [Father] shall make an initial partial deposit of $1,500 to Attorney John Lawson, who will be reappointed as the GAL; [and]
>
> 2. [Father] shall properly serve [Mother] and the GAL with all pleadings he filed in this reopening. ([Father] served prior counsel of

[Mother] who was relieved of further obligations to represent [Mother] upon termination of the prior case.)

The court indicated that "failure to comply will result in dismissal of this case."

{¶ 7} Father did not serve (or even attempt to serve) Mother or the guardian ad litem ("GAL") with copies of his motions as ordered by the trial court. Instead, on August 29, 2023, Father filed a "motion to stay the judgment entry of August 4, 2023" ("motion to stay") (which he, again, served only on Mother's counsel) and further requested that the trial court order the parties to "mediate their differences," claiming that there was an "ongoing settlement agreement" between the parties.

{¶ 8} Mother's attorney filed an opposition to Father's motion to modify parental rights, asserting that Father had not alleged a change in circumstances with regard to U.C.C., that the issues Father raised in his motion with respect to U.C.C. had been previously addressed in the trial court's September 25, 2020 judgment entry, this court's April 29, 2021 opinion and a motion to modify custody that was dismissed on March 6, 2023 and that the "relitigation of custody for C.T.C." "did not make sense" given that C.T.C. was 17, had "the ability to travel and stay with either parent as she desires" and would soon be emancipated. Mother's attorney filed an opposition to Father's motion to show cause in which Mother denied claiming C.T.C. on her 2022 federal income tax return or limiting or interfering with Father's parenting time. Mother's attorney filed an opposition to Father's motion to stay in which Mother denied that there was any "ongoing settlement agreement" between

the parties and stated that she was not "agreeable to engage in mediation with [Father]." Mother requested that the trial court's August 4, 2023 order not be stayed and that Father be required to comply with the terms of the order if he intended to pursue his motions. Father filed replies in support of each of his motions (which he, again, served only on Mother's counsel) disputing Mother's claims.

{¶ 9} On September 7, 2023, the trial court issued a judgment entry dismissing Father's motion to modify parental rights and his motion to show cause "for want of prosecution and failure to comply with [the] Court's orders." The trial court also "overruled" Father's motion to stay[1] on the ground that it was "patently without merit" and dismissed the case at Father's costs. The trial court did not specify in its judgment entry whether the dismissal was with, or without, prejudice.

{¶ 10} Father appealed, raising the following six assignments of error for review:

> Assignment of Error 1: The trial court erred and abused its discretion when, on 09/07/2023, it dismissed the motion to show cause for contempt of court, filed by O.C. (Appellant) on 07/18/2023, without a hearing, contrary to O.R.C. 2705.05(A) and O.R.C. 3119.82.
>
> Assignment of Error 2: The trial court erred and abused its discretion when, on 09/07/2023, it dismissed the motion to modify parental rights and privileges filed by O.C. (Appellant) on 07/18/2023 without

---

[1] In its September 7, 2023 order, the trial court states that Father also filed a "joint motion to modify parental rights and responsibilities of CTC only" ("joint motion") and denied that motion as being "patently without merit." Father, however, did not separately file that motion with the trial court. A copy of the joint motion, signed only by Father, was attached as an exhibit to his motion to stay as purported evidence of the "ongoing settlement agreement" that Father contended "could be completed expeditiously * * * through mediation or at pre-trial." Accordingly, we do not further address that motion here.

a hearing or referral for mediation, as required by O.R.C. 3109.052(A) and O.R.C. 3109.04.

Assignment of Error 3: The trial court erred and abused its discretion when, on 09/07/2023, it dismissed the appellant's motion to order the parties for mediation and to stay the trial court's order made on 08/04/2023 without any hearing, contrary to the requirements of O.R.C. 3109.052(A) and Ohio Civ. R. 62(A).

Assignment of Error 4: The trial court erred and abused its discretion when, on 08/04/2023, it ordered the appellant to "make an initial partial deposit of $1,500 to Attorney John Lawson, who will be reappointed as the GAL," contrary to the provisions in Ohio R. Superi. Ct. 48.02(H)(1)(a).

Assignment of Error 5: The trial court erred and abused its discretion when, on 08/04/2023, it stated that the appellant "served prior counsel of the Plaintiff who was relieved of further obligations to represent Plaintiff upon termination of the prior case," whereas the appellant served the plaintiff's present counsel (Mr. Ronald Skingle), and did not serve the prior counsel of the plaintiff (Mr. Kevin Starrett). The false statement made by the court, which formed the basis of the court's final decision on 09/07/2023, was contrary to the provisions of O.R.C. 2921.11.

Assignment of Error 6: The trial court erred and abused its discretion when, on 09/07/2023 it claimed that the "Defendant's motions filed on August 29, 2023, are patently without merit and are OVERRULED."

(Emphasis deleted.)

**Law and Analysis**

{¶ 11} Before considering the merits of Father's assignments of error, we must first determine whether we have jurisdiction to hear this appeal.

{¶ 12} Our appellate jurisdiction is limited to reviewing judgments and orders that are final. *M.E.D. v. P.K.*, 8th Dist. Cuyahoga No. 112070, 2023-Ohio-3471, ¶ 11; Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.02; R.C.

2505.03. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, # 93 v. Campbell*, 8th Dist. Cuyahoga No. 84148, 2005-Ohio-1841, ¶ 6. Even if neither party raises a jurisdictional question, we must sua sponte dismiss an appeal if it is not taken from a final appealable order or judgment. *See, e.g., Cooney v. Radostitz*, 8th Dist. Cuyahoga No. 110009, 2021-Ohio-2521, ¶ 12 (prior to a review of the merits, an appellate court "has a duty to examine, sua sponte, potential deficiencies in jurisdiction"), citing *Scheel v. Rock Ohio Caesars Cleveland, L.L.C.*, 8th Dist. Cuyahoga No. 105037, 2017-Ohio-7174, ¶ 7; *Arch Bay Holdings, L.L.C. v. Goler*, 8th Dist. Cuyahoga No. 102455, 2015-Ohio-3036, ¶ 9; *see also Scanlon v. Scanlon*, 8th Dist. Cuyahoga No. 97724, 2012-Ohio-2514, ¶ 5 ("In the absence of a final, appealable order, the appellate court does not possess jurisdiction to review the matter and must dismiss the case sua sponte.").

{¶ 13} R.C. 2505.02(B) identifies the types of orders that qualify as final, appealable orders. It states that

> [a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
>
> (3) An order that vacates or sets aside a judgment or grants a new trial;
>
> (4) An order that grants or denies a provisional remedy and to which both of the following apply:

(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly, including the amendment of sections 1751.67, 2117.06, 2305.11, 2305.15, 2305.234, 2317.02, 2317.54, 2323.56, 2711.21, 2711.22, 2711.23, 2711.24, 2743.02, 2743.43, 2919.16, 3923.63, 3923.64, 4705.15, and 5111.018 (renumbered as 5164.07 by H.B. 59 of the 130th general assembly), and the enactment of sections 2305.113, 2323.41, 2323.43, and 2323.55 of the Revised Code or any changes made by Sub. S.B. 80 of the 125th general assembly, including the amendment of sections 2125.02, 2305.10, 2305.131, 2315.18, 2315.19, and 2315.21 of the Revised Code;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

{¶ 14} A divorce action qualifies as a special proceeding. *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, 106 N.E.3d 1239, ¶ 12, citing *Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, 950 N.E.2d 516, ¶ 6. A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). "[A] party has a substantial right to have a dispute adjudicated by a court of competent jurisdiction." *Mullinix v. Mullinix*, 2023-Ohio-1053, 214 N.E.3d 601, ¶ 15 (10th Dist.), citing *Copenhaver v.*

*Copenhaver*, 4th Dist. Athens No. 05CA16, 2005-Ohio-4322, ¶ 5. Likewise, "[d]ecisions involving the care and custody of a child implicate substantial rights of the natural parents." *Moir v. Denkewalter*, 9th Dist. Medina No. 13CA0082-M, 2015-Ohio-3171, ¶ 8, citing *State ex rel. V.K.B. v. Smith*, 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184, ¶ 16; *see also Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982) (recognizing that parents have a "fundamental liberty interest" in "the care, custody, and management of their child").

{¶ 15} "[A]n order affects a substantial right for purposes of R.C. 2505.02(B)(2) only if 'in the absence of immediate review of the order [the appellant] will be denied effective relief in the future.'" *Thomasson* at ¶ 10, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993).

{¶ 16} In this case, with the filing of his motions to show cause and to modify parental rights, Father sought to invoke the continuing jurisdiction of the trial court pursuant to Civ.R. 75(J). Civ.R. 75(J) provides, in relevant part: "The continuing jurisdiction of the court shall be invoked by motion filed in the original action, *notice of which shall be served in the manner provided for the service of process under Civ.R. 4 to 4.6.*" (Emphasis added.) Rule 15(D) of the Local Rules of Practice of the Domestic Relations Division of the Cuyahoga County Court of Common Pleas ("Loc.R.") states:

> Service. It is the responsibility of the party filing the motion to perfect service on the opposing party.
>
> > (1) Pending Cases. In pending cases, all motions shall be filed with the Clerk of Courts and served on opposing counsel, on

> the self-represented party, and on the guardian ad litem, where one has been appointed.
>
> (2) Post-Decree. All post-decree motions invoking the continuing jurisdiction of the court shall be accompanied by Instructions for Service. Service through the Clerk of Courts shall be made pursuant to Civ.R. 4 through 4.6.

{¶ 17} Loc.R. 19(A) similarly provides, in relevant part: "A motion that requests a change or modification of an existing child support * * * order must be filed and served upon the opposing party according to methods of service in Civil Rule 4 through 4.6."[2] *See also M.E.D.*, 2023-Ohio-3471, at ¶ 15 ("The requirements of Loc.R. 19 and Civ.R. 75(J) must be met to invoke continuing jurisdiction."). Service on a party's attorney is not sufficient to invoke the continuing jurisdiction of the trial court under Civ.R. 75(J). *See, e.g., Szymczak v. Szymczak*, 136 Ohio App.3d 706, 711, 737 N.E.2d 980 (8th Dist.2000); *Grundey v. Grundey,* 10th Dist. Franklin No. 14AP-420, 2015-Ohio-1469, ¶ 11; *Hamad v. Hamad*, 10th Dist. Franklin No. 08AP-53, 2008-Ohio-4111, ¶ 11.

{¶ 18} In *Pulice v. Collins*, 8th Dist. Cuyahoga No. 8669, 2006-Ohio-3950, the lead opinion explained the rationale for the heightened service requirement under Civ.R. 75(J) as follows:

> The reason for this requirement is practical. In a domestic relations case the trial court retains jurisdiction over certain issues, including child support and visitation, even though disputes in these areas may not arise for months or years after the initial divorce decree

---

[2] Although Father's motion was captioned solely as a motion to modify parental rights, in his affidavit in support of the motion, he also requested that neither parent be required to pay child support to the other and that Mother be required to refund Father the child support payments he made since March 18, 2022, when C.T.C. began living with Father "24/7."

is entered. Once the decree is final, it is unlikely that the parties would stay in contact with their attorneys.

In other words, regular civil cases are "transactional" in nature: that is, once the matter has been decided, apart from any appeal, the case is "dead." Domestic relations cases, on the other hand, are "relational" in nature: even after the original case is ended by the divorce decree, the relationships between parents are not ended just because the marriage is ended. They still must interact in matters concerning their mutual children, and the case law demonstrates that these disputes are common. Resolving these disputes between the parties requires the trial court to retain jurisdiction over the parties and those restricted issues.

Because years can pass between the final decree and changed circumstances motivating a motion for a change in custody or support, therefore, practicality and due process require that the motion be served upon the original party, in the same manner as a newly filed case. Service other than according to Civ.R. 4 through 4.6, therefore, is not sufficient guarantee of notice to fulfill due process requirements.

*Id.* at ¶ 10-12; *see also Grundey* at ¶ 18; *Tuckosh v. Cummings*, 7th Dist. Belmont No. 07 HA 9, 2008-Ohio-5819, ¶ 29-32.

{¶ 19} The trial court, after noticing that Father had served only Mother's prior counsel (and not Mother) with copies of his motions, ordered that Father serve Mother with copies of the motions. He also reappointed Attorney John Lawson as GAL for the children and ordered that Father serve the GAL with all the motions he had filed in the reopened case. The trial court, thereafter, dismissed Father's motions, sua sponte, "for want of prosecution and failure to comply with [the] Court's orders" when Father failed to comply with its order.

{¶ 20} Civ.R 41(B)(1) states: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or

on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim." Civ.R. 41(B)(3) further states: "A dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule [dismissals for lack of personal or subject matter jurisdiction or failure to join a party under Civ.R. 19 or 19.1], operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." This court has previously questioned whether Civ.R. 41 applies to the dismissal of motions rather than actions. *See, e.g., M.E.D. v. P.K.*, 2023-Ohio-3471, at fn. 1, citing *Reinhard v. Reinhard*, 8th Dist. Cuyahoga No. 95000, 2011-Ohio-343, ¶ 17 ("We are not convinced that Civ.R. 41 applies to motion practice because it is entitled 'Dismissal of actions' and speaks specifically to dismissals of causes of actions and counterclaims"); *In re S.M.*, 8th Dist. Cuyahoga No. 81566, 2004-Ohio-1243, ¶ 39 ("Civ.R. 41(B) permits a trial court to dismiss an action or claim for a party's failure to comply with any court order after proper notice to the party. Civ.R. 41(B), by its very terms, applies only to the dismissal of an action or claim, not to the denial of a motion for want of prosecution."); *see also Phillips v. Robinson*, 9th Dist. Medina No. 12CA0038-M, 2012-Ohio-6108, ¶ 8 (Civ.R. 41(B) "does not apply to post-judgment motions to modify parental rights and responsibilities or to modify child support."), citing *Hissa v. Hissa*, 8th Dist. Cuyahoga Nos. 93575 and 93606, 2010-Ohio-3087, ¶ 54-57. Even if Civ.R. 41(B) applied to motions, Civ.R. 75(P), effective July 1, 2023 — which likewise refers to the dismissal of "action[s]" rather than motions — would preclude the trial court's dismissal of Father's motions from

operating as an adjudication on the merits under Civ.R. 41(B)(3). Civ.R. 75(P) states: "Notwithstanding Civ.R. 41, any dismissal of a divorce, dissolution, annulment, or legal separation action by a court or party, other than a denial on the merits, shall not operate as an adjudication of the merits or a bar to a subsequent filing of the action."

{¶ 21} The trial court's September 7, 2023 judgment entry dismissing Father's motions to show cause and to modify parental rights and overruling Father's motion to stay compliance with the court's August 4, 2023 order was not based on the merits, i.e., no final ruling was made on the substance of the motions to show cause or to modify parental rights. A dismissal that is not based on the merits and is without prejudice is generally not a final, appealable order because it does not prevent a party from refiling. *M.E.D.* at ¶ 14, citing *Natl. City Commer. Capital Corp. v. AAAA at Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶ 8. Father could refile his motions, ensure that Mother is properly served and reinvoke the continuing jurisdiction of the trial court. *See, e.g., Fallang v. Fallang*, 12th Dist. Butler No. CA2002-12-316, 2003-Ohio-5105, ¶ 8. Accordingly, the trial court's dismissal here was without prejudice.

{¶ 22} In *M.E.D.*, 2023-Ohio-3471, this court recently dismissed an appeal in which a parent sought to invoke the continuing jurisdiction of the trial court under Civ.R. 75(J) for lack of appellate jurisdiction. In that case, the trial court dismissed a father's motion to modify child support and obligation for medical insurance after he failed to perfect service of the motion on the mother, i.e., serving the mother's

attorney rather than the mother "in contravention of the express requirements of Loc.R. 19 and Civ.R. 75(J)." *Id.* at ¶ 3, 8. This court held that the trial court's dismissal was a dismissal "otherwise than on the merits," that it did not prevent the father from refiling, that the father had, in fact, filed a new motion to modify child support, that a judgment without personal jurisdiction over the defendant is void and that the dismissal was, therefore, not a final, appealable order. *Id.* at ¶ 13-16.

{¶ 23} The dissent argued that a motion to modify child support affected a substantial right even if it could be refiled because the modification of support could not be retroactive beyond the date of the request. Thus, the dissent maintained, "any refiling of the motion would limit the date upon which the subsequent modification, if any, could be retroactively awarded, which affects 'a substantial right in an action that in effect determines the action and prevents judgment'" under R.C. 2505.02(B)(1). *Id.* at ¶ 18, citing *Smith v. Smith*, 5th Dist. Fairfield No. 2008 CA 00030, 2009-Ohio-3978, ¶ 41, and *Zamos v. Zamos*, 11th Dist. Portage No. 2002-P-0085, 2004-Ohio-2310, ¶ 13. The dissent further noted: "Refiling a motion to modify child support will not afford the party any relief. If no immediate appeal is permitted, none can be had and the domestic relations court's decision would never be subject to appellate scrutiny." *M.E.D.* at ¶ 18-19.

{¶ 24} There are some potential differences between *M.E.D.* and this case. First, in *M.E.D.*, this court held that the trial court lacked jurisdiction over the father's motion under Civ.R. 75(J) (and that any judgment would be void) because the mother was not properly served and promptly raised the issue. *Id.* at ¶ 1, 4-6, 8,

13-15; *see also Szymczak,* 136 Ohio App.3d at 711-713, 737 N.E.2d 980 (where defendant served plaintiff's attorney but not plaintiff with motion to modify support and plaintiff timely objected to lack of service, trial court's continuing jurisdiction was not properly invoked and trial court did not err in dismissing motion). In this case, Mother's attorney filed oppositions to Father's motions on Mother's behalf without objecting to the insufficiency of service of process or Father's failure to properly invoke the trial court's continuing jurisdiction. However, in the opposition to the motion to stay Mother's counsel filed on her behalf, she requested that the trial court's August 4, 2023 order not be stayed and that Father be required to comply with the terms of the order if he intended to pursue his motions. Accordingly, there is an issue — which the parties have not addressed — as to whether Mother waived insufficiency of service and any objection to the trial court's continuing jurisdiction. *See, e.g.*, *Sweeney v. Sweeney*, 2016-Ohio-1384, 63 N.E.3d 542, ¶ 25 (8th Dist.) ("Lack of proper service under Civ.R. 75(J) can * * * be waived. Where a party appears in court, fails to object to improper service pursuant to Civ.R. 75(J) and defends on the merits of the case, that party will be deemed to have waived the issue of improper service."), citing *Bedi-Hetlin v. Hetlin*, 3d Dist. Seneca No. 13-14-08, 2014-Ohio-4997, ¶ 26, and *Huston v. Huston*, 5th Dist. Coshocton No. 2013CA0030, 2014-Ohio-5654, ¶ 37. *But see Hamad*, 2008-Ohio-4111, at ¶ 14 (where appellee failed to serve her motion for contempt on appellant, appearance by appellant's counsel filing motions to continue hearing on contempt motion was insufficient to invoke the court's continuing jurisdiction). Second, Father's motions

here did not just involve a request for modification of child support. They included a motion to modify parental rights and a motion to show cause related to alleged interference with parenting time.

{¶ 25} As one court has observed, "[i]n the context of domestic relations cases, there appears to be * * * a difference in holdings based on the application of R.C. 2505.02(B) to specific facts." *Smirz v. Smirz*, 2014-Ohio-3869, 18 N.E.3d 868, 871, ¶ 11-19 (9th Dist.) (holding that "the impact on a substantial right based on a dismissal without prejudice in a domestic relations case might give rise to a final, appealable order, but only where the effect on the substantial right is both alleged and prejudicial, i.e., where the impact cannot be rectified through equitable considerations in the refiled cause or motion" and that where appellant-wife had the ability to seek redress for her inability to enforce the prior temporary support orders in dismissed divorce action through equitable resolution in a second divorce action, the trial court's dismissal without prejudice of first divorce action did not affect a substantial right and, therefore, was not a final, appealable order).

{¶ 26} In *Davis v. Paige*, 5th Dist. Stark No. 2007 CA 00248, 2008-Ohio-6415, for example, the Fifth District held that a judgment entry involuntarily dismissing a father's motion for modification of parental rights for lack of prosecution was a nonfinal order because it did not affect any substantial right of the father. *Id.* at ¶ 39-40. In that case, the father requested a modification of his parenting time to accommodate his work schedule. *Id.* at ¶ 40. In an affidavit, the father stated that the parties had been successfully cooperating to accommodate

appellant's work schedule up to the time that the motion for relief was filed. The father did not claim that there were certain rights that he would be giving up in the event that he would have to refile his request for modification or that a refiling of the motion for modification would prejudice his intent to seek modification of his parenting time and did not deny that the matter could be refiled for further consideration by the trial court. *Id.* The court held that because the trial court's order of dismissal for want of prosecution was a nonfinal order, the trial court's subsequent order declining to grant Civ.R. 60(B) relief could not be a final order and dismissed the father's appeal for lack of jurisdiction. *Id.* at ¶ 40-41; *see also Peak-Sims v. Sims*, 9th Dist. Summit No. 28703, 2018-Ohio-2002, ¶ 1-2, 8 (where there were no children to consider and no orders in effect for spousal or child support, trial court's dismissal of divorce action, without prejudice, did not "foreclose appropriate relief in the future upon the potential refiling of the case" and, therefore, was not a final appealable order).

{¶ 27} In *Moir v. Denkewalter*, 9th Dist. Medina No. 13CA0082-M, 2015-Ohio-3171, by contrast, the Ninth District held that the dismissal without prejudice of a mother's motion to reallocate parental rights was a final, appealable order. In that case, the mother filed a motion to reallocate parental rights and responsibilities in June 2012, arguing that the parties' shared parenting plan should be terminated because the children's father had been arrested on charges of possessing marijuana. *Id.* at ¶ 3. A magistrate heard the matter in September 2012, at which time evidence was taken and the children were interviewed in camera. *Id.* The magistrate referred

the matter to mediation and ordered the children to attend counseling with the father stating that the father would have parenting time "as the children and [f]ather agree." *Id.* In February 2013, the magistrate again ordered counseling and stated that "[e]ither party may request a second initial hearing after ten sessions are completed. Violations of this Order will result in contempt and a probable jail sentence, and dismissal of the non-complying party's motions." *Id.*

{¶ 28} Five months later, the magistrate issued a decision dismissing the mother's motion to reallocate parental rights because neither party had requested another hearing date after the completion of ten counseling sessions. *Id.* at ¶ 4. Over the mother's objections to the dismissal of her motion with prejudice and without notice, the trial court adopted the magistrate's decision in part and dismissed the mother's motion without prejudice, noting that she was free to refile. *Id.*

{¶ 29} On appeal, the Ninth District concluded that, "on the specific facts of this case," the trial court's dismissal order was a final, appealable order because it affected a substantial right, i.e., the mother's right to make decisions with respect to the care and custody of her child. *Id.* at ¶ 8-9. The court explained:

> In this case, [the mother's] motion to reallocate parental rights based on the alleged changed circumstances in 2012 has been dismissed, and there is no final judgment from which she can obtain relief by means of appeal in the future. Although it is true that she can file another motion, that is a qualification without meaning in this context. A parent can always invoke the continuing jurisdiction of the domestic relations court to consider reallocation of parental rights. [The mother] can certainly file a new motion; such is her right. What she cannot do is obtain a ruling on the motion that she filed in 2012

based on circumstances as they existed at that time and upon which the trial court took evidence at that time. Therefore, on the specific facts of this case, we conclude that [the mother's] appeal is final and appealable under R.C. 2505.02(B)(2) because the trial court's order affects a substantial right in the context of a special proceeding.

*Id.* at ¶ 9; *see also Parish v. Potter*, 9th Dist. Medina No. 07CA0078-M, 2008-Ohio-3212 (reviewing the merits of the dismissal without prejudice of multiple postdecree motions without specifically addressing jurisdiction).

{¶ 30} In this case, Father does not claim that his motions could not be refiled for further consideration by the trial court if he were to properly invoke its continuing jurisdiction or that he would be prejudiced if required to refile his motions. Father did not state (in his motions or in this appeal) that there were certain rights he would be relinquishing if he had to refile his motions or that a refiling of his motions would prejudice his ability to seek the relief sought in his motions with respect to his children. In the affidavit Father submitted in support of his motions, Father asserted that C.T.C. had already been living with him 24/7 for over 15 months with Mother's agreement and that he was having parenting time with U.C.C. After filing his motions, instead of seeking prompt resolution of the motions, Father filed a motion to stay based on the existence on a purported "ongoing settlement agreement" that related to C.T.C. only.

{¶ 31} Based on the particular facts and circumstances of this case, we conclude that the trial court's September 7, 2023 order dismissing the matter for lack of prosecution was not a final, appealable order.

{¶ 32} Appeal dismissed.

It is ordered that appellee recover from appellant the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

LISA B. FORBES, J., and
ANITA LASTER MAYS, J., CONCUR