**[Cite as *In re E.A.*, 2024-Ohio-4449.]**

**IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
CRAWFORD COUNTY**

IN RE:

                                        **CASE NO. 3-23-36**

   E. A.,

**DEPENDENT CHILD.**

                                  **O P I N I O N**

**[SCOTT A. - APPELLANT]**
**[VENESSA A. - APPELLANT]**

**Appeal from Crawford County Common Pleas Court
Juvenile Division
Trial Court No. C 2215051**

**Appeal Dismissed**

**Date of Decision: September 9, 2024**

**APPEARANCES:**

    *Kristin E. Brown* **for Appellant Venessa A.**

    *Howard A. Elliott* **for Appellant Scott A.**

    *Michael J. Wiener* **for Appellee**

**MILLER, J.**

{¶1} Father-appellant, Scott A., appeals the August 9, 2023 judgment of the Crawford County Court of Common Pleas, Juvenile Division, granting temporary legal custody of E.A. to maternal grandmother and step-grandfather, Pam B. and Dan B. For the reasons that follow, we dismiss the appeal for lack of a final, appealable order.

{¶2} Scott and Venessa A. are the natural parents of E.A. (born 2014). On April 19, 2021, the Crawford County Department of Job and Family Services (the "Agency"), through the Crawford County Prosecuting Attorney's Office, filed a complaint in the trial court alleging E.A. was a dependent child pursuant to R.C. 2151.04(C). Following the filing of the complaints, Pam was granted temporary custody of E.A., subject to the Agency's protective supervision. A guardian ad litem ("GAL") was appointed for E.A. on April 19, 2021.

{¶3} At the adjudication hearing on May 13, 2021, pursuant to the parents' admissions, the trial court found E.A. was a dependent child as defined in R.C. 2151.04(C). Following the disposition hearing on May 25, 2021, the trial court formally committed E.A. to the temporary custody of Pam and Dan subject to the Agency's protective supervision.

{¶4} Relevant to this appeal, on February 8, 2022, Venessa filed a motion for legal custody of E.A. In a motion filed on August 12, 2022, Scott also sought legal

custody of E.A., or in the alternative, Scott asked the trial court to place E.A. in the legal custody of his parents or sister. On November 17, 2022, the Agency filed a motion to commit E.A. to the legal custody of Pam and Dan and close the case. A hearing on the pending motions was held on April 3, 2023 and July 12, 2023. In a judgment entry filed on August 9, 2023, the trial court overruled the parents' motions for a change in custody and ordered that E.A. would remain in the temporary custody of Dan and Pam. However, the trial court ordered that the case would not be closed and the matter would be reviewed in six months.[1]

{¶5} Scott filed a notice of appeal on August 31, 2023. He raises two assignments of error for our review.[2]

### First Assignment of Error

**It was reversible error for the trial court to grant custody of the minor child to the grandparents without having them sign a statement of understanding for legal custody that contained the minimally required provisions of Ohio Revised Code § 2151.353(A)(3).**

### Second Assignment of Error

**The trial court abused its discretion by finding that the Children Services Agency had undertaken reasonable efforts for unification of the child with the parents despite the fact that the agency never visited father's home, and only occasionally visited mother's home, further failed to facilitate visits with either**

---

[1] Curiously, although it did not formally close the case, the trial court relieved the Agency from any further obligation to provide services unless services were requested by Scott or Venessa. In addition, the GAL was no longer required to file any reports unless the GAL felt there was a need to bring something to the attention of the court and parties. Also, Dan and Pam were not required to attend any future review hearings unless directed to attend by the court.

[2] On September 7, 2023, Venessa filed a notice of appeal. In her brief, Venessa argues that the August 9, 2023 judgment entry is not a final, appealable order.

**parents and the child and as such, the court abused its discretion and the decision of the trial court must be reversed.**

**{¶6}** Before considering the merits of Scott's arguments, it is incumbent that we consider our jurisdiction to hear this appeal.

**{¶7}** "Ohio's courts of appeal have jurisdiction 'to review and affirm, modify, or reverse final orders.'" *Wilhelm-Kissinger v. Kissinger*, 2011-Ohio-2317, ¶ 5, quoting Section 3(B)(2), Article IV, Ohio Constitution. "If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and the appeal must be dismissed." *Assn. of Cleveland Firefighters, No. 93 v. Campbell*, 2005-Ohio-1841, ¶ 6 (8th Dist.). "An order is a final, appealable order only if it meets the requirements of both R.C. 2502.02 and, if applicable, Civ.R. 54(B)." *Lycan v. Cleveland*, 2016-Ohio-422, ¶ 21. R.C. 2502.02 provides, in pertinent part:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> . . .
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]

**{¶8}** "A 'special proceeding' is 'an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.'" *Wilhelm-Kissinger* at ¶ 6, quoting R.C. 2502.02(A)(2). "Actions in juvenile court that are brought pursuant to statute to temporarily or permanently terminate parental rights are special proceedings, as such actions were not known at

-4-

common law." *In re Adams*, 2007-Ohio-4840, ¶ 43. "Although a juvenile custody hearing is a special proceeding, a juvenile court order must also affect a 'substantial right' to be a final, appealable order under R.C. 2502.02(B)(2)." *In re R.R.*, 2017-Ohio-8928, ¶ 14 (4th Dist.). "A 'substantial right' is 'a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.'" *V.C. v. O.C.*, 2024-Ohio-344, ¶ 14, quoting R.C. 2505.02(A)(1). "Decisions involving the care and custody of a child implicate substantial rights of the natural parents." *Denkewalter v. Denkewalter*, 2015-Ohio-3171, ¶ 8. *See also Santosky v. Kramer*, 455 U.S. 745 (1982) (stating that parents have a "fundamental liberty interest" in "the care, custody, and management of their child."). However, "an order affects a substantial right for purposes of R.C. 2505.02(B)(2) only if 'in the absence of immediate review of the order [the appellant] will be denied effective relief in the future.'" *Thomasson v. Thomasson,* 2018-Ohio-2417, ¶ 10, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

{¶9} The trial court's August 9, 2023 judgment entry provides as follows:

> Therefore as an interim order, and in consideration of the best interest of [E.A.] it is the order of this Court that temporary custody will continue to remain with Pam and Dan [B.] and the motions for a change in custody filed by the parents are hereby specifically overruled. The motion filed by the Ohio [Department of] Job and Family Services will remain open at this time.
>
> . . .

Given the totality of the evidence herein and in considering what is in the best interest of [E.A.], this case will not be closed and the matter will be reviewed in 6 months, temporary custody will remain with Dan and Pam [B.] with a restraining order in place prohibiting them and all parties from removing this child from the current school that he attends in Bucyrus, Ohio. Further although visitation with Paternal grandparents appears to be a positive occurrence for [E.A.], however given the above visitation going forward with [paternal grandparents] will only occur in the presence of either Pam or Dan [B.] until this Court sees a positive improvement regarding the drug addiction issues of Venessa or Scott [A.] as outlined herein.

The Court also finds that even though the Ohio [Department of] Job and Family Services has made all reasonable efforts to assist reunification and to assist the parents in the parenting plan their continued involvement will serve no purpose for reunification until and unless either one or both of the parents decide to work on the case plan and make a meaningful effort to address their drug addiction problem. Therefore the Ohio job and family services will no longer be required to provide court order[ed] protective services going forward until such time as either Venessa [A.] or Scott [A.] demonstrate to this court that they are going to seriously attack their drug abuse issues. However if they need assistance from the agency they can request same via [a] motion at which time the Court will consider same at [a] hearing. This court will review this matter in 6 months however should the parents present evidence via motion and present to this court a test via the "Galion Community Hospital" that shows a full 17 panel analysis that they have been drug-free for 90 days, this court would reconsider the issue of visitation. Short of this Venessa [A.] and Scott [A.] shall have no contact with their child going forward as it is the determination of this Court that it would not serve the best interest of [E.A.] to expose this child to people who are under the influence of illicit drugs. Thus it will be up to the parents to decide if they want to be parents or continue to choose their illicit drugs instead.

[GAL] will continue to be the guardian ad litem however he would not be required to file future reports unless he feels there is a need. He shall continue to consult and work with Pam and Dan [B.] and should be guardian feel that the Ohio Job and family services needs to be . . . involved he can request same via motion as well. Lastly the

court notes that Pam and Dan [B.] are growing weary of having to come to this court and make statement herein, it should be noted that their appearance is optional[,] not a requirement[,] thus [Dan and Pam] are not required to attend any future review hearings unless this court so directs.

**{¶10}** This is an interim order.

(Doc. No. 246).

**{¶11}** Thus, it is apparent from the judgment entry that the trial court took great pains to craft an order that was interim rather than final. Notably, although the trial court overruled the parents' competing claims for custody, it inexplicably expressly declined to rule on the Agency's motion, opting instead to continue temporary custody and review the matter in six months. Accordingly, the August 9, 2023 judgment is not a final order. *See In re Estate of Tewksbury*, 2005-Ohio-7107, ¶ 10 ("To show that an order affects a substantial right, it must be clear that, in the absence of immediate review, the appellant will be denied effective relief. It is not enough that an order merely restricts or limits that right. Rather, there must be virtually no opportunity to provide relief from the allegedly prejudicial order."); *In re Adams*, 2007-Ohio-4840, ¶ 45 ("a trial court order denying the motion of a children-services agency to modify temporary custody to permanent custody and continuing temporary custody is not a final, appealable order under R.C. 2502.02(B)(1) or (2)").

**{¶12}** Although the trial court's order granted temporary custody to Pam and Dan, the order did not fully deny Scott the ability to appeal the decision in the future.

It appears the court was affording the parents an additional opportunity to demonstrate their ability to comply with the case plan in order to regain custody of E.A. Thus, the interim order does not, yet, affect a substantial right because the parents can obtain relief in the future. Accordingly, we dismiss the appeal for lack of jurisdiction due to the absence of a final, appealable order.

{¶13} We note with concern that the trial court's decision in this matter, however well intentioned, and the subsequent appeal of that order, had the practical effect of delaying final resolution of the Agency's motion to grant legal custody to Pam and Dan. Accordingly, we remand the case for the trial court to resolve any pending matters and issue a final, appealable order.

{¶14} Thus, having concluded we lack jurisdiction over the issues raised in the appeal, we hereby dismiss the appeal.

*Appeal Dismissed*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/jlm**